**In re PLANKINTON BLDG. CO.**
No. 21189.

District Court, E. D. Wisconsin.

Sept. 10, 1942.

Pellette & Zillmer, of Milwaukee, Wis., for trustee.

Harvey C. Hartwig, of Milwaukee, Wis., for A. J. Harvey, Sr., et al.

Maxwell Herriott, of Milwaukee, Wis., for preferred stockholders.

Arthur E. Boroughf of Chicago, for Securities and Exchange Commission.

E. Harold Hallows, of Milwaukee, Wis., for debtor.

Herbert C. Hirschboeck, of Milwaukee, Wis., for indenture trustee.

Quarles, Spence & Quarles, of Milwaukee, Wis., for Bondholders Protective Committee.

DUFFY, District Judge.

Plankinton Building Properties, Inc., was reorganized under the provisions of Sec. 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. Pursuant to the plan therein adopted, Plankinton Building Company, the debtor herein, was organized. First mortgage leasehold bonds were authorized in the amount of $1,038,500, and bonds in that amount were executed by debtor and delivered to the Marshall and Ilsley Bank which was designated as the indenture trustee. In addition, participating preferred stock of the debtor was authorized in the total par amount of $1,038,500, and was issued by debtor to certain voting trustees under the terms of a voting trust agreement.

Under the plan of reorganization, holders of Plankinton Building Properties, Inc., 6½% first mortgage leasehold bonds were permitted to exchange same for first mortgage leasehold bonds of the debtor and for debtor's voting trust certificates in the ratio of $500 in bonds and $500 in voting trust certificates for each $1,000 Plankinton Building Properties, Inc., bond delivered for exchange. Prior to the institution of these proceedings, $25,000 of Plankinton Building Company bonds were acquired by debtor and were cancelled, leaving a balance of $1,013,500 in bonds outstanding either in the possession of those who had made the exchange or their assigns, and

the balance in the hands of the indenture trustee.

Within the time limited by this court, a proof of claim was filed by the Marshall and Ilsley Bank, as indenture trustee, for bonds of debtor in the total amount of $1,013,500, and by order dated November 10, 1941, this claim was allowed.

Proof of interest was in like manner filed by the voting trustees, for the benefit of the holders of voting trust certificates, for the total authorized amount of $1,038,500, and by order of this court dated November 24, 1941, this claim was allowed.

At the time of the filing of the petition for reorganization herein, there remained in the possession of the indenture trustee $28,250 par value of debtor's bonds which had never been called for by the old bondholders. There were also in possession of the Marshall and Ilsley Bank, as agent for the voting trustees, certificates in the par value of $28,250, representing 565 shares of preferred stock of the debtor.

As the old bonds were payable to bearer, the indenture trustee has no information as to the owners of the bonds which have not been presented for exchange. It was stated on oral argument that in the 26 month interval over which these reorganization proceedings have extended, bonds totaling $7,500 have been presented for exchange.

The court trustee has petitioned for a modification of the orders approving claims heretofore described, dated respectively November 10 and November 24, 1941. The indenture trustee challenges the power of this court to modify the orders in question at this time. This objection cannot be sustained. Both under the broad equitable powers of a court in bankruptcy, as well as under the terms of the bankruptcy act, this court has full authority to reconsider and to modify its orders allowing claims prior to the time that the estate is closed.

Sec. 57, sub. k, of the Bankruptcy Act, 11 U.S.C.A. § 93, sub. k, which is part of Chapter VI, reads: "Claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part, according to the equities of the case, before but not after the estate has been closed."

True it is that this section does not appear in Chapter X of the act, 11 U.S.C.A. § 501 et seq., but Sec. 102 in Chapter X does provide that the provisions of Chapters I to VII inclusive shall, in so far as they are not inconsistent or in conflict with the provisions of Chapter X, apply to that chapter. I find nothing in Chapter X which is inconsistent with or in conflict with Sec. 57, sub. k, so as to make it inapplicable to the situation under discussion.

Did the indenture trustee properly file a claim upon behalf of the holders of the debtor's bonds for the amount of $1,013,500 when it had in its possession bonds totaling $28,250 which had never been claimed by or delivered to those persons who were entitled thereto?

Sec. 198 of the Bankruptcy Act (part of Chapter X) provides: "An indenture trustee may file claims for all holders, known or unknown, of securities issued pursuant to the instrument under which he is trustee, who have not filed claims: Provided, however, That in computing the majority necessary for the acceptance of the plan only the claims filed by the holders thereof, and allowed, shall be included."

It is the contention of the indenture trustee that those persons entitled to the unclaimed bonds come under the classification of "unknown holders"; that the bonds remaining uncalled for were in fact issued and authenticated, as provided in the trust indenture; and that Sec. 3 thereof provides that such authentication shall constitute the "conclusive and only evidence" of the proper execution and right to share in the benefits of the trust.

It will be noted that Sec. 198 authorizes an indenture trustee to file claims for all holders of securities issued. Are the old bondholders of the Plankinton Building Properties, Inc. holders of debtor's securities? The answer must be in the negative. These bondholders had the right to obtain securities of the debtor which would have made them creditors, but they have not done so. The securities have not been issued to any holders as is contemplated by Sec. 198. Certainly an individual who is entitled to make the exchange and who has not done so could not file a claim upon his own behalf, and the indenture trustee would have no greater right to do so than the individual himself. The word "issued" contemplates the delivery to a holder or owner.

It is my opinion that the indenture trustee should only have filed upon behalf of those who actually are holders of securities of the debtor and who have not filed claims

in their own behalf. It also follows that only those holders of voting trust certificates who have actually received same should be recognized to participate in the plan for reorganization.

I am of the opinion, however, that further opportunity should be given to the holders of the bonds of Plankinton Building Properties, Inc. to present their bonds for exchange. An order may be prepared providing that a notice be given to the holders of the bonds of Plankinton Building Properties, Inc. that they must present their bonds for exchange within 60 days of the date of said order, and providing further that said notice shall be published once a week for two successive weeks in both of the large daily newspapers published in Milwaukee, as well as a daily Chicago newspaper to be designated by the court. Said notice shall also provide that unless said bonds are presented within said 60-day period, the holders thereof shall be cut off from all right to participate in the plan of reorganization, or to share in the benefits to be derived therefrom.