### MEYER et al. v. DOLAN et al.

Circuit Court of Appeals, Second Circuit.

Dec. 11, 1944.

Mackenzie, Smith & Michell, of Syracuse, N. Y., for appellees T. Frank Dolan, Jr., and Laurence Sovik.

Martin & Langan, of Syracuse, N. Y., for appellants, Robert R. Meyer and Mokava Corporation.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This is an appeal from an order of the District Court for the Northern District of New York made after hearings on a plan of reorganization proposed by the trustee of a debtor in proceedings under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq., which have been pending in the above court for several years. Amendments were offered by the appellants in the interest of the debtor's stockholders and by the appellees, which were favorable to secured creditors. The court found that the debtor was insolvent, and the order from which the appeal was taken was to the effect that its common stockholders had no interest to be protected in the reorganization proceedings. No plan of reorganization has been approved, and this appeal is by the owners of a majority of the debtor's stock from the above finding and conclusion.

This is one of several plans for reorganization which have been proposed and which have failed of adoption for one reason or another and the present issue is a rather narrow one. Whether or not the debtor is insolvent and its common stock is, therefore, to be treated as worthless in proposing and considering a plan of reorganization depends, of course, upon whether the amount of its liabilities exceeds the fair market value of its assets. 11 U.S.C.A. § 1(19). That is a question of fact which the judge below decided adversely to the appellants, and the issue on this appeal is whether that finding was clearly erroneous. Unless it was, the order should be affirmed. Harris v. Mills Novelty Co., 10 Cir., 106

F.2d 976; Stewart v. Ganey, 5 Cir., 116 F.2d 1010.

It is admitted by the appellants that the total liabilities of the debtor are to be considered as amounting to $1,111,208.20 and there is apparently no dispute about that. Its assets consisted of the land and buildings known as the Onondaga Hotel, made up of a main building and an annex situated on the northwest corner of South Warren and East Jefferson Streets in Syracuse, N. Y., and the furniture, fixtures, operating equipment and related personal property in the two buildings. The fair market value of those assets is much in dispute.

The evidence as to the fair market value of this property given by the witnesses for the appellees placed the worth of the real estate at not over $838,800 and that of the personal property at $197,487 which would be less than enough to show the solvency of the debtor. On the other hand the evidence produced by the appellants put the fair market value of the real estate at not less than $1,500,000 and of the personal property at not less than $514,216.19, which would show the debtor solvent by around $900,000. Such a variation in the evidence as to value is so marked both in terms of percentage and in terms of dollars that it is apparent that if the evidence on one side is believed to be fair and reasonable the testimony on the other must be put aside as unreliable.

That the trial judge, who was thoroughly acquainted with these proceedings through long association with them, gave little credence to the testimony of appellants' witnesses as to the fair market value of the real estate is made plain in the record, and, though it is here less clearly shown, about as much may be said as to their testimony concerning the value of the furnishings and equipment. He did believe the testimony given on the same subjects by the witnesses for the appellees. He had the opportunity to see and hear all these witnesses when they testified. Those on both sides were shown to be well qualified, and to have used proper factors on which to base their valuations.

Under such circumstances it is apparent that the evidence tending to show the debtor insolvent was substantial and adequate if credible and that tending to show the debtor solvent was also substantial and adequate if it was to be believed. The trial judge had to decide this question

of credibility, which he resolved in favor of the witnesses called by the appellees; and if he had a reasonable basis for his decision in that respect his order was not clearly erroneous. Epstein v. Goldstein, 2 Cir., 107 F.2d 755; Syracuse Engineering Co. v. Haight, 2 Cir., 110 F.2d 468.

We believe it can be readily demonstrated that he did have such a basis. There was his opportunity to determine credibility from the appearance of the witnesses on the stand, which inherent limitations in the record on appeal deny to us. There was the undisputed fact that the debtor was in competition in the same city with newer hotels, one larger and others smaller than it. These hotels possessed advantages in such competition in that they were more modern in design and construction and their fixtures and operating equipment less worn and obsolete. True, the debtor's business had been improving since the hotel had been managed under contract by an operating company under the supervision of the trustee, and some $260,000 of its earnings had been used during the last twenty-seven months before the hearing for repairs and improvements. But nothing had been paid on accrued or accruing interest on its mortgage debt nor had any reserve been set up for depreciation or amortization. Moreover, these earnings had been largely due to business attributable to the war and could not reasonably be expected to be made in such volume after the war. It is significant, moreover, that the proposed plan, even as the appellants would have had it amended, provided for full payment of only a part of the secured debt. And finally, only two offers for the purchase of the debtor's property have been made and both were substantially less than the amount of its indebtedness. We cannot say that in this setting the trial judge was not justified in believing the evidence to the effect that the fair market value of the debtor's assets was less than the amount of the debts it owed. His finding of insolvency was therefore in accordance with the evidence and his conclusion that common stockholders of the debtor had no interest to be protected in a plan of reorganization was without error.

Order affirmed.

L. HAND, Circuit Judge (concurring).

I agree with everything my brothers say, both in reasoning and in result; but I wish to add a word which they think unnecessary about the form in which this record comes before us. It consists of substantially nothing more than nearly the whole of the testimony, the order, and what is called a "memorandum decision" of the judge—the usual, and altogether proper, discursive statement of his reasons for approving the plan. While it does indeed appear from this generally that he thought the debtor insolvent, he does not say what value he put upon the various items of property, if he appraised them separately; or at what value he appraised the hotel as a going concern, and how he reached that value, if he proceeded in that way. For myself, I should have felt surer of my ground, had he made detailed findings on these points; and of course there can be no doubt that the Rules now imperatively so require. Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. following section 723c. For this reason if my brothers had agreed, I should have sent the case back for compliance with this requirement; but, since they think that superfluous, I will not dissent.