### In re UNITED STATES REALTY & IMPROVEMENT CO.

### NATIONAL CITY BANK OF NEW YORK v. O'CONNELL et al.

### No. 171.

Circuit Court of Appeals, Second Circuit.

Feb. 28, 1946.

---

[4] United States v. Hall, D.C., 58 F.Supp. 772, 773; Johnson v. Warden, 9 Cir., 134 F. 2d 166.

Zalkin & Cohen, of New York City (Barney B. Fensterstock, Israel Akselrod, and Harry Zalkin, all of New York City, of counsel), for National City Bank.

Goldwater & Flynn, of New York City (Monroe Goldwater, Harry Rodwin, and George Kossoy, all of New York City, of counsel), for James J. O'Connell.

Wagner, Quillinan, Wagner & Tennant, of New York City, for United States Realty & Improvement Co. Debenture Holders' Protective Committee.

Scribner & Miller, of New York City, for C. Shelby Carter et al., constituting Debenture Holders Committee.

Ralph Montgomery Arkush, of New York City, for Trinity Buildings Corporation of New York First Mortgage Bondholders Committee.

Ralph Montgomery Arkush, Louis G. Bernstein, and Maurice Finkelstein, all of New York City, of counsel, for appellees.

Roger S. Foster, Sol., of Philadelphia, Pa., and George Zolotar, Atty., of New York City (Ezra Weiss, of Indianapolis, Ind., of counsel), for Securities and Exchange Commission.

Maurice B. & Daniel W. Blumenthal, of New York City, for Protective Committee for Stockholders of United States Realty & Improvement Co.

Before L. HAND, CHASE, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

The agreements between the Bank and the trustee must be sharply differentiated from trustee's certificates which, issued for new and substantial consideration, must always be strictly enforced.[1] Because the pledged asset constituted an essential ingredient of any reorganization, the original entry of the injunction order, as to the Bank, was amply justified.[2] So, too, without the consent of the Bank, would have been its continuance for a reasonable period. In determining the length of that period, the large margin of security for the bank's debt (ensuring it against any probable loss for a considerable time) was of major importance. On the facts, there could be no abuse of discretion in continuing the injunction up to the present time, despite the Bank's objection. The Bank was thus in no position to exact a promise, such as that contained in the agreements, definitely limiting that period. For, in the circumstances, the Bank was indulging in no "forbearance"; it gave up nothing by the agreements except the stipulation for a reduced interest rate for the life of the agreements.

Consequently, we think the court was not obliged to enforce the terms of the trustee's agreements when it became obvious that to do so might seriously jeopardize reorganization through a plan then about to be considered. Except frustration of the Bank's desire to avoid the court's summary jurisdiction (should the trustee desire to sue it), the Bank has suggested no harm to it which will result from the court's refusal to allow it to realize on its collateral. We think that the court, when the agreement recently ended, properly kept the injunction alive, pending an exploration of current efforts to work out a plan.[3]

Whether the plan under consideration at the time of entry of the order from which

[1] The same is true of other similar obligations of the trustee, approved by the court. Thus in Sword Steamship Line v. Vendramis, 2 Cir., 116 F.2d 665, 667, we said: "We think that a contract which has been so far completed as the one with the Ocean Dominion Steamship Corporation cannot be rescinded in any way that is just to it. The debtor has obtained from it a large loan as well as a large amount of charter hire. Such a loan would hardly have been made without the inducement of the charter and option and the arrangement cannot be terminated now without depriving the charterer of a substantial portion of the consideration."

[2] Continental Illinois National Bank & Trust Co. v. Chicago Rock Island & Pacific R. Co., 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110; Wright v. Vinton Branch of Mountain Trust Bank of Roanoke, Va., 300 U.S. 440, 470, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455; Central Hanover Bank & Trust Co. v. Callaway, 5 Cir., 135 F.2d 592; In re Prudence Bonds Corporation, 2 Cir., 77 F.2d 328, 330.

The fact that Whitehall is a wholly-owned subsidiary of Realty is irrelevant. Realty pledged the mortgage on Whitehall's property as collateral for the debt which it owed to the Bank. The relationship between Whitehall and Realty is incidental; the important element in the transaction is the debt owed by Realty to the Bank, secured by the mortgage, an asset of Realty. Thus analyzed, the instant case is clearly distinguishable from cases in this Circuit, cited by the Bank, which hold that the Bankruptcy Court does not acquire jurisdiction to enjoin suits or other actions against a wholly-owned subsidiary of a parent corporation merely because the reorganization of the parent corporation would be facilitated thereby, or because its financial status would be substantially affected by the result of the suit against the subsidiary. As the Bankruptcy Court would have jurisdiction to enjoin the Bank if the mortgagor were a complete stranger to Realty, the fact that it is a subsidiary of Realty has no pertinence.

[3] In In re Prudence Bonds Corporation, 2 Cir., 88 F.2d 634, 635, 636–637, we said:

"By the stipulation the pledgee gave up any attempt to assert any existing privilege during that period, and the trustees enjoyed it without contest. Good faith required the judge to honor the agreement he had approved, *unless it very gravely prejudiced the interests of bondholders.* [Emphasis added.]"

the Bank appealed was one which can be validly approved as fair and reasonable we need not and do not now consider.[4] We assume that none other than a valid plan will be approved; if that assumption should prove to be wrong, the remedy of review of course will be open to the Bank.[5] The injunction may properly be continued in effect until it appears that there is no reasonable likelihood of effecting reorganization.

Affirmed.

HOLMES, Circuit Judge, dissenting.

---

[4] We likewise need not and do not consider a plan since then proposed, to which appellees invite our attention.

[5] As to interest, the plan should put the Bank in the position it would have had if no agreement had been made with the trustee.