**TRINITY BUILDINGS CORPORATION PREFERRED STOCKHOLDERS COMMITTEE v. O'CONNELL et al.**

No. 269.

Circuit Court of Appeals, Second Circuit.

May 2, 1946.

328

Alfred H. Hetkin, of New York City (Hetkin, Jervis & Hetkin and Edward A. Kole, all of New York City, on the brief), for appellant.

Monroe Goldwater, of New York City (Goldwater & Flynn, Harry Rodwin, and George Kossoy, all of New York City, on the brief), for appellee James J. O'Connell.

Daniel W. Blumenthal, of New York City (Maurice B. & Daniel W. Blumenthal and Edward Endelman, all of New York City, on the brief), for appellee Protective Committee for the Stockholders of United States Realty & Improvement Co.

Ralph Montgomery Arkush, of New York City, for appellee Trinity Buildings Corporation First Mortgage Bondholders' Committee.

George Zolotar, Atty., Securities and Exchange Commission, of New York City (Roger S. Foster, Sol., and Robert S. Rubin, Asst. Sol., both of Philadelphia, Pa., and Ezra Weiss, Atty., Securities and Exchange Commission, of New York City, on the brief), for appellee Securities and Exchange Commission.

Before SWAN, CLARK, and WOODBURY, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal from orders of approval and confirmation of the same joint plan of reorganization of two debtors which was under consideration in the companion case decided herewith, National City Bank of New York v. O'Connell, Trustee, 2 Cir., 155 F.2d 329. The plan of reorganization calls for the vesting of the assets of the two debtors, United States Realty & Improvement Company and its subsidiary, Trinity Buildings Corporation of New York, together with those of a third corporation, in a new company, but makes no provision for preferred stockholders of Trinity because of lack of equity for their interests. The present appellant appears in the record only as the Trinity Buildings Corporation Preferred Stockholders Committee, without other definition or individual name; but we shall assume, as was done below, that it does comprise certain individuals, who are entitled to represent the Trinity preferred stockholders. The sole issue here is as to the finding of lack of equity for the preferred stock. It involves the valuation of two office buildings on lower Broadway, New York City, the only substantial assets of Trinity.

In approving and confirming the plan, the District Court accepted a valuation of the buildings as stated by the trustee's expert, recommended by the Securities and Exchange Commission after an independent investigation, and urged by the trustee and the bondholders. It rejected the valuation made by the appellant's expert. The range of difference is shown by the two figures involved, viz., $3,125,000, as against $5,550,000. The parties disagreed as to the valuation necessary to show recognizable value for the preferred stock; but since the bonded indebtedness with interest was $4,287,000, and there was due the Realty Company $479,000,[1] it is obvious that even split-

---

[1] Appellant contended that this debt was not entitled to priority over the preferred stock under the Deep Rock doctrine, Taylor v. Standard Gas & Electric Co., 306 U.S. 307, 59 S.Ct. 543, 83 L.Ed. 669, but did not offer evidence on the point.

ting the difference between the experts would not give ground for reversing these orders.

The parties seem agreed that determination of future earning capacity is essential and that a capitalization of expected earnings is a sound method of valuation for reorganization. Consolidated Rock Products Co. v. Du Bois, 312 U.S. 510, 526, 61 S.Ct. 675, 85 L.Ed. 982; Ecker v. Western Pac. R. Corp., 318 U.S. 448, 483, 63 S.Ct. 692, 87 L.Ed. 892; Group of Institutional Investors v. Chicago, M., St. P. & P. R. Co., 318 U.S. 523, 540, 63 S.Ct. 727, 87 L.Ed. 959. But they differ greatly as to prospective income and as to the correct rate of capitalization. Thus appellant's expert accepts the comparatively high income return realized by rentals of offices in 1945 as a fair criterion for the future and, assuming a rather low rate of expenses, against the testimony of an engineer's survey made for the trustee which showed the need for increased expenditures, together with a low rate of capitalization, thus supports his optimistic figure. Realistically viewed, however, it would seem that the past history of low or nonexistent earnings from these comparatively old office buildings, not to speak of the fear that the present unusual realty boom may not continue indefinitely, would suggest a value nearer the more conservative estimates urged by the appellees. But be that as it may, we have here a finding of a court made on disputed evidence, but with quite definite support in the testimony; and it is not our function to reverse it unless it is "clearly erroneous." Meyer v. Dolan, 2 Cir., 145 F.2d 880, certiorari denied Dolan v. Meyer, 324 U.S. 867, 65 S.Ct. 916, 89 L. Ed. 1422; Dudley v. Mealey, 2 Cir., 147 F.2d 268, certiorari denied 325 U.S. 873, 65 S.Ct. 1415, 89 L.Ed. 1991.

Here the court was justified on the evidence in accepting the low figure shown by the testimony, rather than some intermediate or compromise figure. As a matter of fact, in making its final order of confirmation, it stated that, while there was no reason to increase the appraisal at all, certainly there was nothing in the record to sustain a valuation approaching a point where the Trinity stock would have value.

That the trustee's expert reduced his original valuation, with an explanation of his reasons therefor, and that an offer was received from an outside source for $3,000,-000, later increased to $3,500,000, for both the buildings if accompanied by the corporate structure, were all matters for the consideration of the District Court. But any variations in the computation possibly suggested by factors such as these would still leave the appraisal far lower than enough to give the preferred stockholders standing in the new company.

Affirmed.