### NATIONAL CITY BANK OF NEW YORK v. O'CONNELL et al.
### No. 268.

Circuit Court of Appeals, Second Circuit.

May 2, 1946.

Barney B. Fensterstock, of New York City (Zalkin & Cohen, Israel Akselrod, and Harry Zalkin, all of New York City, on the brief), for appellant.

Monroe Goldwater, of New York City (Goldwater & Flynn, Harry Rodwin, and George Kossoy, all of New York City, on the brief), for appellee James J. O'Connell.

Maurice Finkelstein, of New York City (Wagner, Quillinan, Wagner & Tennant, of New York City, on the brief), for appellee United States Realty & Improvement Company Debenture Holders' Protective Committee.

Ralph Montgomery Arkush, of New York City, for appellee Trinity Buildings Corporation of New York First Mortgage Bondholders' Committee.

Scribner & Miller, of New York City, for appellees C. Shelby Carter, Clermont Cartwright, Stanley M. Isaacs, and Edward W. Smith.

George Zolotar, Atty., Securities and Exchange Commission, of New York City (Roger S. Foster, Sol., and Robert S. Rubin, Asst. Sol., both of Philadelphia, Pa., and Ezra Weiss, Atty., Securities and Exchange Commission, of New York City, on the brief), for appellee Securities and Exchange Commission.

Before SWAN, CLARK, and WOODBURY, Circuit Judges.

CLARK, Circuit Judge.

This is an appeal by the National City Bank of New York, a secured creditor of United States Realty & Improvement Company, from two orders, one approving and the other confirming a plan of reorganization for that company and its wholly owned subsidiary, Trinity Buildings Corporation of New York. The only issue is whether or not the treatment given the Bank by the plan constituted either cash payment or equitable and fair protection of its claim under Bankruptcy Act, § 216(7), 11 U.S.C.A. § 616(7), stating the terms for dealing with dissenting creditors.

The plan confirmed by the court provides for the merger of the two debtors with a successful realty company and is unusually satisfactory from the point of view of the other parties in interest, since at the same time that it provides for payment in full of all creditors it also allocates to the stockholders of the principal debtor 345,000 shares or 22.3% of common stock in the new corporation. The only other dissenter is the committee representing the preferred stockholders of Trinity, for whom no equity was found and whose ap-

8>

peal is decided herewith. Trinity Buildings Corp. Preferred Stockholders Committee v. O'Connell, Trustee, 2 Cir., 155 F.2d 327. Since the contemplated financing is predicated upon acceptance of short-term offers for new mortgage financing, loans, and the purchase of new preferred stock by a banking syndicate, however, it appears that the plan must be immediately effected if at all. Special circumstances arising in connection with appellant's claim therefore presented the trustee and the court with a somewhat unusual practical problem.

Appellant is the holder of a bond and mortgage in the face amount of $3,900,000 which, while originally given to secure a loan of $3,000,000, is now collateral for a balance—assuming the correctness of a set-off taken by the Bank—of $2,251,195.70 and interest. The mortgage, made to the Realty Company by Whitehall Improvement Corporation, its subsidiary, and covering an office building and adjoining real estate in New York City, was assigned by Realty to the Bank at the time of the loan in 1932 and has remained in its possession until the present. And a recent attempt by the Bank to sell the bond and mortgage at public sale before the effectuation of the refinancing was prevented by our affirmance of the District Court's injunction. In re United States Realty & Improvement Co., 2 Cir., 153 F.2d 853. The trustee's investigation of the Bank's claim revealed, as he represented, that for some years prior and subsequent to the making of the loan, persons representing its interest had held positions on Realty's Board of Directors and on its Finance and Advisory Committees. He further stated that there existed evidence of overreaching by the appellant in its relationship with Realty which led him to suspect the existence of equities in favor of the debtor. Accordingly the trustee filed a lengthy notice of objections to the Bank's claim. In view of the pressing need for surrender of its mortgage in order to carry out the reorganization scheme, however, he sought and obtained confirmation of a plan making the provision here challenged.

The section of the plan dealing with the Bank's claim provides first that it, as "Note Creditor," be paid full principal with interest at 6 per cent to the date of payment and requires that it simultaneously execute documents effecting discharge of the debt and of the mortgage. In a second paragraph it is stipulated that: "The Court hereby reserves and retains such summary jurisdiction as it now has or hereafter may have over the Note Creditor to hear and determine the objections, defenses, set offs, grounds for subordination and cross claims filed against the Note Creditor and its claim, all proper amendments or supplements thereof, and any other objections, defenses, set offs, grounds for subordination or cross claims which may be filed in these proceedings against the Note Creditor or its claim." It is the appellant's contention that the reservations of this second paragraph place such conditions upon its receipt of funds as to fall afoul of the established standards for treatment of dissenting creditors. We do not agree.

Under any practical definition of the term, the provision here made constituted payment of the Bank's claim under § 216(7) (c), 11 U.S.C.A. § 616(7) (c). On surrender of its collateral, the Note Creditor immediately receives full payment of principal and interest to the time of payment. The debt is thus satisfied, since under no circumstances can the debtor have any further obligation to pay. Appellant's argument that the reservations of the second paragraph of the provision defeat payment because it will be required by good accounting practice, if not by bank examiners, to set up reserves against contingent liability to the trustee seems to us without foundation. The confirmation of a plan of reorganization cannot be made to depend upon the internal affairs of one of the creditors. Furthermore, it is difficult to see why the necessity for reserves is more imperative when the Bank shows assets of cash in place of a note subject to like adverse claims or because such claims may be determined summarily rather than by a concededly proper plenary action.

But assuming, arguendo, that the transaction does fail to meet a technical definition of "payment," the court is clear that it constitutes adequate protection of

the claim under the existing circumstances as required by § 216(7) (d), 11 U.S.C.A. § 616(7) (d). We pointed out in Re Murel Holding Corp., 2 Cir., 75 F.2d 941, that this provision gives the court power equitably and fairly to provide protection for dissenting claims when other specified methods of treatment are not chosen, and there held that such protection must be completely compensatory. The present case, where the mortgagee is paid back the entire amount previously loaned at a highly favorable rate of interest, is well within that standard. Section 216(7) (d), 11 U.S.C.A. § 616(7) (d), requires only that the creditor be protected to the full extent of his claim, not that he be permitted to retain his collateral and accumulate interest until the close of reorganization.

The language of the clause reserving jurisdiction itself refutes appellant's contention of an unconstitutional seizure of power. The District Court very carefully reserved only "such summary jurisdiction as it now has or hereafter may have," thus clearly leaving open questions as to whether individual issues as they arise will require plenary action. And as a declaration of intent to retain jurisdiction over issues properly the subject of summary action, the provision, while informative, was unnecessary in view of the clear provisions of the Act. Bankruptcy Act, § 2, sub. a(2), 11 U.S.C.A. § 11, sub. a(2), gives the court broad power to allow and disallow claims and expressly authorizes it to reconsider allowed or disallowed claims. Section 57, sub. k, 11 U.S.C.A. § 93, sub. k, makes the fuller statement that "claims which have been allowed may be reconsidered for cause and reallowed or rejected in whole or in part according to the equities of the case, before but not after the estate has been closed." And § 57, sub. l, specifies that the court shall have summary jurisdiction of a suit by the trustee to recover amounts erroneously paid out. Boyum v. Johnson, 8 Cir., 127 F.2d 491, 497.

■ Appellant contends that the two subdivisions of § 57 being applicable to "claims which have been allowed" cannot apply to secured claims which are not "allowed" except for the excess over the value of the security. § 57, subs. e and h. However persuasive this somewhat technical argument might be as to proceedings in ordinary bankruptcy, it cannot apply to reorganization proceedings where obviously all claims, secured or otherwise, must be ascertained in order that a plan be worked out. Thus the manner and time of allowance is left to the judge to prescribe. § 196, 11 U.S.C.A. § 596. And while the bankruptcy provisions generally are made applicable in reorganization, yet most significantly only sub. h, supra, and sub. n of § 57 are specifically excluded. § 102, 11 U.S.C.A. § 502. Sub. h is the provision for valuation of securities, and sub. n is the provision as to time of proving claims. Clearly, therefore, subs. k and l apply in reorganization. In re Plankinton Bldg. Co., D.C.E.D.Wis., 46 F.Supp. 697, reversed on other grounds 7 Cir., 135 F.2d 273. The further claim that the payment is not a dividend seems merely a contradiction in terms, as though a dividend in full could not be a dividend at all.

■ In effect, therefore, the provision does no more than continue the summary jurisdiction of bankruptcy which appellant accepted when it filed its claim. Chase Nat. Bank of New York v. Lyford, 2 Cir., 147 F.2d 273. Appellant is not prejudiced, since it is no more than the law allows. Bankruptcy courts are "courts of equity without terms," and the entire process of reorganization is open to re-examination until the closing of the proceedings. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 152, 63 S.Ct. 133, 138, 87 L.Ed. 146; Indemnity Ins. Co. of North America v. Reisley, 2 Cir., 153 F.2d 296, and cases cited. Should the matter become unduly delayed below, appellant may seek more speedy action or, if necessary, the closing of the proceeding from the District Court. The reservation of jurisdiction, even if not necessary, appears wise in view of contentions already made as to estoppel, waiver, satisfaction by payment, or the possible defense of the statute of limitations. It also avoids argument as to whether the estate has been actually closed. See Clinton Trust Co. v. John H. Elliott Leather Co., 2 Cir., 132 F.2d 299, and cases there cited

Orders affirmed.