## In re CHRIST'S CHURCH OF THE GOLDEN RULE.

### SAMPSELL et al. v. GLENN et al.
### No. 36408.

District Court, N. D. California, S. D.

Aug. 16, 1948.

See also 79 F.Supp. 42.

Gendel & Chichester, of Los Angeles, Cal., for trustees.

Howard B. Crittenden, of San Francisco, Cal., for respondents.

YANKWICH, District Judge.

The petition of the trustees to review the Order of the Referee, dated September 15, 1947, heretofore argued and submitted, is now decided as follows:

### I.

The Order of the Referee, dated September 15, 1947, sustaining the objection of the respondents to the jurisdiction of the Court, is hereby affirmed.

#### Comment.

The Referee made the following finding:

"On November 1, 1945, at the time of the filing of the original petition in the United States District Court for the Southern District of California, in the primary bankruptcy proceeding of Christ's Church of the Golden Rule, a California corporation, which said corporation is named as the bankrupt in this ancillary proceeding in this United States District Court for the Northern District of California, acting in aid of said court wherein the primary bankruptcy proceeding involving said bankrupt was commenced, as aforesaid, and now is pending, and at all times since November 1, 1945, said respondents, M. J. Glenn, and Louise W. Glenn, his wife, (and not the bankrupt) were residing upon and actually in possession of the real and personal properties, and the whole thereof, referred to, and described in paragraph III of the aforesaid petition of said trustees in bankruptcy.

"The court, therefore, concludes, as a matter of law that:

"The objection made on behalf of said respondents, M. J. Glenn and Louise W. Glenn, his wife, that this ancillary bankruptcy court is without jurisdiction summarily to hear and/or determine on the merits, the petition of said trustee in bankruptcy should be sustained."

The legal principles treated in the memorandum opinion filed concurrently in the companion matter (Ebbert), govern this matter also.

The finding just quoted is a specific finding of *lack of possession* in the trustees and *possession in the respondents,* which must be sustained unless it is clearly erroneous. General Orders in Bankruptcy, order 36, 11 U.S.C.A. following section 53; Federal Rules of Civil Procedure, rule 52, 28 U.S.C.A. following section 723c. The conflicting versions of the transaction and the divergent interpretations of the acts of the respondents, upon which the assertion of their rights against the trustees rests, were before the Referee. He was free to resolve the conflict one way or another. The fact pressed by the trustees that the property was included in a trust deed executed by the bankrupt to secure a loan did not prevent the Referee from concluding

that, *as claimed by the respondents,* there was no intention on their part to divest themselves of title or possession to the property.

The finding of possession by the respondents is a finding of ultimate fact, which is supported by substantial evidence in the record. The Referee was not required, as the trustees insist, to make a specific finding on the issue of agency tendered by them. Or otherwise said, it was not necessary that the Referee *negative* the contention of the trustees that whatever possession the respondents had was *as agents of the trustees.* For his finding of possession in the respondents *"and not in the bankrupt"* (or the trustees) implies possession under a claim of title in themselves. It excludes possession *in any capacity other than that as owners under such claim of title.*

Hence, the rulings above made.