**In re GREAT WESTERN BISCUIT CO.**

No. 45904.

United States District Court
S. D. California, C. D.

Aug. 12, 1949.

Craig, Weller & Laugharn, Hubert F. Laugharn, Los Angeles, Cal., for trustee.

O'Melveny & Myers, Rodney Potter, Los Angeles, Cal., for petitioner American Crystal Sugar Co.

YANKWICH, District Judge.

The petition to review the order of the Referee dated May 23, 1949, declaring that a certain lien of attachment acquired by American Crystal Sugar Company on March 24, 1948, was null and void under section 67, sub. a of the Bankruptcy Act of 1938, 11 U.S.C.A. § 107, sub. a, heretofore heard, argued and submitted, is now decided as follows:

The order of the review in said matter dated May 23, 1949 is hereby affirmed.

### Comment

The sole question before the Referee on this review was whether the bankrupt was insolvent on the day in which it secured a lien of attachment upon the cash funds of the bankrupt in the amount of $1100. There is no dispute about the law applicable in such situation. I had occasion to discuss it very fully in Re Rand Mining Company, D.C.Cal.1947, 71 F.Supp. 724. The sole question before me is whether the conclusion reached by the Referee was correct. It must be sustained unless clearly erroneous. In re Christ's Church of the Golden Rule (Sampsell v. Glenn), D.C.Cal., 1948, 79 F.Supp. 46; General Orders in Bankruptcy, order 36, 11 U.S.C.A. following section 53; Federal Rules of Civil Procedure, rule 52, 28 U.S.C.A.

The Referee's conclusion was based upon the testimony of only two witnesses who were before him. Both gave as their opinion, as found by the Referee, that the liabilities at the time of the attachment exceeded by substantial amounts the amount of the assets.

If there were contradictions in the testimony of these witnesses, the Referee was free to resolve them in favor of the finding of insolvency. See, Grace Bros. **v.** Commissioner, 9 Cir., 1949, 173 F.2d 170.

Counsel would have us overturn the finding of the Referee upon the contention that these witnesses did not make correct valuations of the assets. More specifically, they insist that as of the date of attachment they were entitled to a valuation as a going concern. When dealing with bankruptcy, it is not always safe to retroject the condition of the bankrupt at the time of the adjudication to a distant date prior to it in order to fasten upon the bankrupt insolvency at such prior date.

However, when the date is near and there is continuity or no change of position, the Referee may, in addition to the opinion of experts, draw his own inferences from the wretched financial condition of the bankrupt at the time of adjudication and infer bankruptcy as of the prior date. I did this myself in Re Rand Mining Company, supra, where I found insolvency despite the fantastic opinion as to the value of mining properties reflected on the books.

The Referee had the right to accept at their face value the opinions of Young and Sampsell on the "unchanged condition" as to the valuations on assets and liabilities, between the time of the attachment and the later dates, April 20, 1948 and August, 1948. Even in the case of contradictory statements of the same witness, his conclusion must stand. Apposite is the following language from Meyer **v.** Dolan, 2 Cir., 1944, 145 F.2d 880, 881:

"Under such circumstances it is apparent that the evidence tending to show the debtor insolvent was substantial and adequate if credible and that tending to show the debtor solvent was also substantial and adequate if it was to be believed. The trial judge had to decide this question of credibility, which he resolved in favor of the witnesses called by the appellees; and if he had a reasonable basis for his decision in that respect his order was not clearly erroneous. Epstein v. Goldstein, 2 Cir., 107 F.2d 755; Syracuse Engineering Co. v. Haight, 2 Cir., 110 F.2d 468.

"We believe it can be readily demonstrated that he did have such a basis. There was his opportunity to determine credibility from the appearance of the witnesses on the stand, which inherent limitations in the record on appeal deny to us. There was the undisputed fact that the debtor was in competition in the same city with newer hotels, one larger and others smaller than it. These hotels possessed advantages in such competition in that they were more modern in design and construction and their fixtures and operating equipment less worn and obsolete. True, the debtor's business had been improving since the hotel had been managed under contract by an operating company under the supervision of the trustee, and some $260,000 of its earnings had been used during the last twenty-seven months before the hearing for repairs and improvements. But nothing had been paid on accrued or accruing interest on its mortgage debt nor had any reserve been set up for depreciation or amortization. Moreover, these earnings had been largely due to business attributable to the war and could not reasonably be expected to be made in such volume after the war. It is significant, moreover, that the proposed plan, even as the appellants would have had it amended, provided for full payment of only a part of the secured debt. And finally, *only two offers for the purchase of the debtor's property have been made and both were substantially less than the amount of its indebtedness.* We cannot say that in this setting the trial judge was not justified in believing the evidence to the effect that the fair market value of the debtor's assets was less than the amount of the debts it owed. His finding of insolvency was therefore in accordance with the evidence." [Emphasis added.]

It is to be noted that in the case just cited, the trier of facts,—the judge in

.the case,—took into consideration *offers made during the proceedings,* in order to arrive at insolvency. So did the referee here. On the whole, we conclude that the referee was right.

Hence, the ruling above made.