### In re WISTER et al.

(District Court, E. D. Pennsylvania.   May 22, 1916.)

#### No. 3902.

1. BANKRUPTCY ⟨⟩342½—PROCEEDINGS—PETITION TO REVIEW.

   A petition for review of an order of a referee, which under General Order 27 (89 Fed. xi, 32 C. C. A. xxvii) is necessary to review and must under the rules of court be filed with the referee within 10 days after the order, is to all intents and purposes an appeal, and the petitioner is an appellant for whose benefit it alone inures; therefore the petitioner is entitled to dismiss, in case he deems it to be to his benefit.

   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 530; Dec. Dig. ⟨⟩342½.]

2. BANKRUPTCY ⟨⟩342½—PETITION TO REVIEW—RIGHT TO FILE.

   One who filed no petition to review an order of a referee, but relied on a petition of another, is not, the original petitioner desiring to dismiss,

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

entitled to intervene for that reason; the time for the petition having expired, for, while no particular delay would result, the original petitioner is entitled to treat the petition as an appeal taken for his own exclusive benefit.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 530; Dec. Dig. ☞342½.]

In Bankruptcy. In the matter of the bankruptcy of Rodman Wister and others. The referee allowed the claim of Mrs. Sabine W. Wister, and Mrs. Betty Black Wister filed a petition for review of the order. Thereafter she petitioned to dismiss, and J. N. M. Shimer petitioned to intervene. Petition to intervene denied, and petition to review dismissed.

John S. Freeman, of Philadelphia, Pa., for petitioner and intervening petitioner.
Thomas Stokes, of Philadelphia, Pa., for claimant.

DICKINSON, District Judge. The salient facts may be thus grouped:

Mrs. Sabine W. Wister made a claim as creditor of the bankrupt estate. To this objections were interposed by the trustee and by Mrs. Betty Black Wister. The trustee became convinced the claim was a just one and withdrew his objections. The referee allowed the claim. Mrs. Betty Black Wister persisted in her objections, and filed a petition for review. Since then she has likewise become convinced of the justness of the claim as allowed, and has sought to withdraw her petition. If withdrawn, the order of the referee stands.

The situation presents as an outcome a petition to dismiss the appeal and a petition by J. N. M. Shimer for leave to intervene and thereby become the petitioner for the review. It should perhaps be added, both in justification of the legal right of Shimer to intervene, and as bearing upon the attitude of the other parties, that the condition of the estate is such that creditors will be paid by the acceptance of securities in full and a surplus left for the partners, of whom Shimer is one.

There are three questions possibly involved, two of which may be grouped in one: (1) Should the petition be dismissed, or the petitioner, Shimer, be permitted to intervene and to prosecute the appeal? (2) Should the order of the referee be affirmed?

[1, 2] Under General Order 27 (89 Fed. xi, 32 C. C. A. xxvii), which has all the force of statutory law, no review can be had of an order, except upon petition filed with the referee. Under the rules of this court, such petition must be filed with the referee within 10 days after order, and, without this, a review cannot be had, except upon allowance by the court after notice and cause shown, etc.

It is clear, therefore, that, if so allowed, a review may be had; but it is recognized that rights of other parties may arise out of an existing condition which the courts, because of this, will not disturb. A petition to review is to all intents and purposes an appeal, with a recognized appellant, to whose benefit it alone inures. This is involved in the ruling in Re Cohn (D. C.) 171 Fed. 568.

The only reason advanced for what is in effect the allowance now of a review is that the petition filed raised all the questions which could be raised by another petition, and the petitioner was advised that no petition by him was necessary to obtain a ruling by the court. The present petitioner in consequence relied upon the appeal, which had been taken, being pressed. There is an appealing naturalness in acting upon this expectation, and, in a sense, no blame can properly attach to the present petitioner for taking this view. Moreover, the interest which he has, although a different individual interest, is legally the same interest which the original petitioner has. More than this, no further delay results than would have followed the appeal of the original appellant. All of these considerations move to a compliance with the request now made.

On the other hand, he placed his reliance upon the petition filed with the consequences plainly before him, and there is no suggestion of bad faith or deception on the part of the original petitioner. If persuaded, as she evidently is, that it is to her interest to abandon the appeal, it must be admitted that it is her right to do so. It appears from what was disclosed at the argument that she has carefully weighed her present inclinations, and what now appears to be her interests against what she owed to the present petitioner, and the loyalty which she owed to counsel acting for her on the appeal, and has decided what, under all the circumstances, was best to do. We think this was again her right, although the exercise of this does not necessarily control the present petitioner or the court. In addition to this, there is that in the questions raised on the appeal which inclines us (after we admit some hesitation) to hold all parties to adherence to the line of the assertion of their strict rights. The view taken relieves us of the necessity of discussing the questions raised by the appeal sought to be pressed.

The Shimer petition to intervene is denied, and the Wister petition for review dismissed. This leaves the order made by the referee in force and effect.