## In re OAKLAND & BELGRADE SILVER FOX RANCH CO.

## In re MERCIER.

District Court, D. Maine, S. D.    June 9, 1928.

**Bankruptcy ⟜228(6)—Court may grant extension of time for filing petition to review order of referee after 10-day period, under court rule (General Order in Bankruptcy No. 27).**

Under General Order in Bankruptcy No. 27, providing for review by judge of order made by referee in bankruptcy, and District Court rule, providing that petition for review shall be filed within 10 days after order is made, unless time of filing is extended by court, court has power to grant extension of time for filing petition for review after lapse of 10-day period.

In Bankruptcy. In the matter of the Oakland & Belgrade Silver Fox Ranch Company, bankrupt. The referee in bankruptcy made an order that Angelina Mercier return to the trustee, James L. Boyle, certain property. Angelina Mercier filed a petition for extension of time for filing a petition for review of the order, which was granted, and the trustee filed a motion that the order extending the time for filing such petition be vacated. Petition denied.

John W. Hill, of Portland, Me., for petitioner.

Maurice E. Rosen, of Portland, Me., for trustee.

HALE, District Judge. On February 25, 1926, a hearing was held before the ref-

eree in bankruptcy under the summary order to Angelina Mercier to turn over certain assets of the bankrupt estate. On August 6, 1926, the referee in bankruptcy made an order that Angelina Mercier return to the trustee, James L. Boyle, 20 foxes of the same grade and value as the offspring of 10 pairs of foxes sold by her to the bankrupt company, or the sum of $4,800, as she might choose, in 30 days from the 10th day of August, 1926.

General Order in Bankruptcy No. XXVII provides as follows:

"When a bankrupt, creditor, trustee or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

A rule of the District Court provides:

"A petition under General Order XXVII, for the review of a judgment, order or finding made by a referee, shall be filed within ten days after the order is made, unless the time of filing is extended by the court. A party to such petition who desires to introduce evidence other than that taken before the referee shall apply in writing to the judge for leave to do so, and shall state in his application the substance of the additional evidence to be offered, and the reason for his failure to introduce it before the referee."

Angelina Mercier did not file her petition for the review of judgment within 10 days after the order of the referee was made. She says that by reason of some mistake or inadvertence she did not get in touch with her witnesses and parties and did not obtain counsel until too late to file her petition. She employed John W. Hill, associate counsel in the case, and through him she presented a petition for extension of the time to September 6, 1926. The petition was granted by this court on August 25, 1926, the date of the filing of the petition for extension.

The trustee, James L. Boyle, on October 2, 1926, filed a motion that the order to extend time for filing a petition for review be vacated, on the ground that under rule 12 of the Bankruptcy Rules the petition for a review of an order of review under General Orders in Bankruptcy XXVII must be filed within 10 days after the order is made; that Angelina Mercier did not file any petition for review during that time, and that subsequently, after the expiration of the 10 days, she filed a motion requesting that the time of the review of such order be extended. The petition assumes that the court had no right to grant such extension after the period of 10 days had expired. The trustee moved that the order of the court, extending the time for filing the petition for review, be vacated and the petition for review dismissed.

Had the court power to grant the extension after the lapse of the 10-day period?

The bankruptcy statutes do not refer to the time within which the petition to review the finding of the referee must be filed. I have already referred to the General Order and the rule of the District Court, which provides that a petition shall be filed "within 10 days after the order is made, unless the time of filing is extended by the court."

In re T. M. Lesher & Son (D. C.) 176 F. 650, 651, is brought to my attention. This case holds that "such petition must be presented within the period specified by the rule, or afterwards only upon special allowance by one of the judges; otherwise, the referee's order * * * is no longer subject to review after the 10 days have expired."

It seems that, under the rule prevailing in the Eastern district of Pennsylvania, the court could make a special allowance. Here we have no such rule. Other cases are brought to my attention; but no decision of the Circuit Court of Appeals is cited, or is to be found, so far as I know.

I find, however, no affirmative authority prohibiting the court from granting the extension after the lapse of the 10-day period.

Under the circumstances of the case, I hold that the court has the power to grant the extension after the lapse of the 10-day period.

The petition to vacate the order of this court of August 25, A. D. 1926, is denied.