PFISTER *v.* NORTHERN ILLINOIS FINANCE
CORP. ET AL.

Nos. 26 and 27.   Argued October 19, 1942.—Decided
November 16, 1942.

*Mr. Elmer McClain* for petitioner.

*Mr. Elmer C. Tobin,* with whom *Mr. John K. Newhall* was on the brief, for respondents.

MR. JUSTICE REED delivered the opinion of the Court.

This certiorari, 315 U. S. 795, brings here certain rulings on the right of petitioner, a farmer-debtor, to have reviewed the orders of a conciliation commissioner[1] under § 75 of the Bankruptcy Act. This section deals with Agricultural Compositions and Extensions. A conflict of circuits as to whether the ten-day period for filing a petition for review of a commissioner's order was a limitation on the power of the reviewing court to act or on the right of an aggrieved party to appeal,[2] impelled us to grant our writ. *In re Pfister*, 123 F. 2d 543, 548; *Thummess* v. *Von Hoffman*, 109 F. 2d 291, and *In re Albert*, 122 F. 2d 393.

In addition to this point, numerous other questions as to the right to review are presented which may be fairly subsumed under petitioner's allegations of error below: (1) because the courts did not apply the limitation in the proviso of 75 (s)[3] instead of that in 39 (c); (2) because

[1] The referee appointed by the District Court for handling agricultural compositions is known as a conciliation commissioner. § 75 (a)–(r). When the farmer seeks bankruptcy under (s) the conciliation commissioner acts as referee. § 75 (s) (4). 49 Stat. 942.

[2] 52 Stat. 840, 858.

Section 39 (c). "A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. . . ."

[3] 49 Stat. 942, 943.

Section 75 (s). "Any farmer failing to obtain the acceptance of a majority in number and amount of all creditors whose claims are affected by a composition and/or extension proposal, or if he feels aggrieved by the composition and/or extension, may amend his petition or answer, asking to be adjudged a bankrupt. Such farmer may, at the same time, or at the time of the first hearing, petition the court that all of his property, wherever located, whether pledged, encumbered, or unencumbered, be appraised, and that his unencumbered exemptions, and unencumbered interest or equity in his exemptions, as prescribed by State law, be set aside to him, and that he be

petitions for rehearing of a conciliation commissioner's orders, which petitions were entertained and denied, were not held to extend the period for review; and (3) because the order of stay approved by the Commissioner under 75 (s) (2) was for less than the statutory period of three years from the entry of the stay order.

After failing to obtain a composition or extension under § 75 (a) to (r) of the Bankruptcy Act, the petitioner, a farmer, sought relief under § 75 (s). In due course on August 10, 1940, he petitioned the Commissioner to fix his rent, permit him to retain his property and establish a stay or moratorium. In the petition he stated that his moratorium began to run on April 26, 1940. On August 13, 1940, the Commissioner, after hearing evidence upon its amount, ordered that the rental be fixed at a sum named, and directed a stay from April 26, 1940, as the petitioner suggested. An appraisal was approved by a separate order on the same day, August 13. On September 7, 1940, orders were entered for the sale of certain property, chiefly livestock, stipulated by the debtor to be perishable under § 75 (s) (2). After the ten days fixed for review under 39 (c), petitions for rehearing on the orders fixing

---

allowed to retain possession, under the supervision and control of the court, of any part or parcel or all of the remainder of his property, including his encumbered exemptions, under the terms and conditions set forth in this section. Upon such a request being made, the referee, under the jurisdiction of the court, shall designate and appoint appraisers, as provided for in this Act. Such appraisers shall appraise all of the property of the debtor, wherever located, at its then fair and reasonable market value. The appraisals shall be made in all other respects with rights of objections, exceptions, and appeals, in accordance with this Act: *Provided,* That in proceedings under this section, either party may file objections, exceptions, and take appeals within four months from the date that the referee approves the appraisal."

Six other subdivisions of subsection (s) follow, numbered (1) to (6) inclusive, and relate chiefly to proceedings after appraisal.

rental, granting stay and directing sale were filed with the Commissioner. The basis of these petitions and the reasons for their denial by the Commissioner are detailed in division II of this opinion.

Petitions for review were filed which were timely if petitioner was right in his contention that the Commissioner's action on the petitions for rehearing extended the time for appeal for ten days from the entry of the Commissioner's order denying rehearing. The two numbers, 26 and 27, of our docket, refer to these two petitions for review consolidated for hearing. The District Court denied each of the petitions for review on the ground that there was no jurisdiction in it to review, since the petitions for review were filed after the ten days provided by 39 (c) and the rules of the District Court, and since the denial of the petitions for rehearing did not extend the time. The Court of Appeals affirmed the judgment on the grounds that 39 (c) governed, that the time for review was not extended by the petitions for rehearing, that there was no basis for reversing the Commissioner's action on the petitions for review, and that the "petitions for review were not filed in time." We disagree with the Court of Appeals upon the last ground on the assumption that the language meant that the District Court was without "power" to review the orders. We agree with the Court of Appeals upon the first three grounds and therefore affirm the judgment.

I. The proviso of subsection 75 (s), note 3 *supra,* is, we think, limited in its effect to steps before commissioners authorized by the provisions of § 75 (s) which precede the proviso. Congress evidently intended to allow adequate time for reflection and preparation before appeal by parties aggrieved by the basic and difficult finding of value. The provisions of § 75 (s) following the proviso authorize orders setting aside exemptions, leaving the ap-

praised property in the hands of the debtor and fixing rentals therefor, staying judicial proceedings, selling perishable property, directing reappraisals and final sale of the estate. It is obvious that this proviso, couched in terms of appeal, could not have been intended to control the review of the manifold activities of a commissioner engaged in handling an estate through three or more years of bankruptcy. To hold the proviso generally applicable would leave unregulated reviews of orders entered more than four months after the commissioner approves the appraisal. The section applicable to these reviews is § 39 (c).[4]

II. The petitions for review of the Commissioner's orders of August 13, 1940, and September 7, 1940, which were filed November 28, 1940, and October 9, 1940, no extension having been granted, were out of time under § 39 (c) [5] unless, in accordance with the petitioner's con-

---

[4] The legislative history of the proviso indicates the soundness of this conclusion. It appears first in the earlier subsection (s), 48 Stat. 1289, which was held unconstitutional in *Louisville Joint Stock Land Bank* v. *Radford*, 295 U. S. 555. The preceding provisions were substantially the same as the present ones but the proviso read "That in case of real estate either party may file objections, exceptions, and appeals within one year from date of order approving appraisal." The specification of real estate, of course, excluded the proviso from any generality of scope. When the section was amended after the Radford case, the committee reports treated the paragraph of (s), as quoted in note 3, separately from the succeeding numbered paragraphs and the language connotes the idea that the proviso relates only to appeals from the appraisal. The comment is as follows: "It provides that the referee, under the jurisdiction of the court, shall designate and appoint appraisers, to appraise all of the property of the debtor, at its then fair and reasonable market value. The appraisal is made in all other respects, with rights of objections, exceptions, and appeals, in accordance with the Bankruptcy Act; and either party may file objections, exceptions, or take such appeals within 4 months. Surely there is no question of constitutionality up to this point." S. Rep. No. 985, 74th Cong., 1st Sess., p. 3; H. Rep. No. 1808, 74th Cong., 1st Sess., pp. 3-4.

[5] See note 2, *supra*.

tentions, the time for review was to run from the entry of the orders of the Commissioner denying the petitions for rehearing of the order of August 13, which petition was filed September 16, 1940, and of the orders of September 7, which petition was filed September 20, 1940. These orders of the Commissioner denying the petitions for rehearing were entered November 28, 1940, and September 30, 1940.

Where a petition for rehearing of a referee's order is permitted to be filed, after the expiration of the time for a petition for review, and during the pendency of the bankruptcy proceedings, as here, they may be acted on,[6] that is, they may be granted "before rights have vested on the faith of the action," and the foundations of the original order may be reëxamined. *Wayne Gas Co.* v. *Owens-Illinois Co.*, 300 U. S. 131, 137.[7] When such a petition for rehearing is granted and the issues of the original order are reëxamined and an order is entered, either denying or allowing a change in the original order, the time for review under 39 (c) begins to run from that entry. *Bowman* v. *Loperena*, 311 U. S. 262, 266; *Wayne Gas Co.* v. *Owens-Illinois Co.*, 300 U. S. 131, 137-8. The reason for taking the later date for beginning the running of the time for review is that the opening of the earlier order by the court puts the basis of that earlier order again in issue. A refusal to modify the original order, however, requires the appeal to be from the original order, even though the time is counted from the later order refusing to modify the original. An appeal does not lie from

---

[6] See the discussion in division III of this opinion.

[7] Where a petition for rehearing is filed before the time for a petition for review has expired, it tolls the running of the time, and limitation upon proceedings for review begins from the date of denial of the petition for rehearing. *Morse* v. *United States*, 270 U. S. 151, 153-4; *United States* v. *Seminole Nation*, 299 U. S. 417, 421; *Gypsy Oil Co.* v. *Escoe*, 275 U. S. 498.

the denial of a petition for rehearing. *Conboy* v. *First National Bank,* 203 U. S. 141, 145; *Bowman* v. *Loperena,* 311 U. S. 262, 266; *Brockett* v. *Brockett,* 2 How. 238; *Roemer* v. *Bernheim,* 132 U. S. 103; *Jones* v. *Thompson,* 128 F. 2d 888; *Missouri* v. *Todd,* 122 F. 2d 804.

On the other hand, where out of time petitions for rehearing are filed and the referee or court merely considers whether the petition sets out, and the facts—if any are offered—support, grounds for opening the original order and determines that no grounds for a reëxamination of the original order are shown, the hearing upon or examination of the grounds for allowing a rehearing does not enlarge the time for review of the original order. This result follows from the well-established rule that where an untimely petition for rehearing is filed which is not entertained or considered on its merits the time to appeal from the original order is not extended.[8]

If a consideration of the reasons for allowing a rehearing out of time which are brought forward by the petition for rehearing were sufficient to resurrect the original order, the mere filing of an out of time petition would be enough. Of course, the court must examine the petition to see whether it should be granted. Indeed the examination given a motion to file such a petition might just as well be said to justify the advancement of the time for review. It is quite true that in a petition for review upon the ground of error in law in the original order, the examination of the grounds of the petition for rehearing is equivalent to a reëxamination of this basis of the original decree. But in such a case the order on the petition for review would control. It would show either a refusal to allow the petition for rehearing or a refusal to modify the

---

[8] *Bernards* v. *Johnson,* 314 U. S. 19, 31; *Bowman* v. *Loperena,* 311 U. S. 262, and cases cited; *Chapman* v. *Federal Land Bank,* 117 F. 2d 321, 324.

original order. Cf. *Wayne Gas Co.* v. *Owens-Illinois Co.,* 300 U. S. 131, 137–38. Whether time for appeal would be enlarged or not would depend upon what the order showed the court did.

In the present case it is quite plain the denial was grounded upon a failure of the petitions for rehearing to establish adequate grounds for the reëxamination of the original orders. The petition for rehearing of the order of August 13, relating to rent, sought to produce evidence that the rental fixed was too high, raised a question of law that a full three years stay was not allowed and alleged a lack of representation by counsel. A motion to dismiss the petition for rehearing as out of time was denied. The Commissioner examined the petition for rehearing and determined that the debtor had had full opportunity to present his evidence at the hearing and that the stay was in accordance with the debtor's motion and that counsel for the debtor appeared at each hearing and knew of each order. He therefore concluded "that there is no equity or merit in the petition for rehearing" and denied the petition. The petition for rehearing of the orders of September 7 was similarly handled. They were orders for sales of perishable property, § 75 (s) (2), stipulated to be perishable by counsel for the debtor. Rehearing was sought because of lack of representation by counsel and lack of notice of the orders. The Commissioner's decision on the petition for rehearing sets out the record facts showing representation and notice. We therefore conclude that the Commissioner did not reëxamine the basis of any of the original orders and that time for filing the petitions for review was not extended.

III. Since the petitions for rehearing, in our opinion, did not extend the time for review, we are brought to examine the question as to whether § 39 (c), *supra* note 2, is a limitation on the power of the District Court to act

or on the right of a party to seek review. Courts of bankruptcy are courts of equity without terms. Commissioners, like referees, masters and receivers, supervise estates under the eyes of the court with their orders subject to its review. The entire process of rehabilitation, reorganization or liquidation is open to reëxamination out of time by the District Court, in its discretion, and subject to intervening rights. Cf. *Wayne Gas Co.* v. *Owens-Illinois Co.,* 300 U. S. 131, 137; *Bowman* v. *Loperena,* 311 U. S. 262, 266.

Prior to the adoption of 39 (c), General Order in Bankruptcy No. XXVII,[9] now abrogated,[10] governed review of referees' orders but it prescribed no time limitations. It was held that petitions should be filed within a reasonable time.[11] Some local court rules therefore specified time limitations. Where such rules imposed definite limits on the time within which a petition for review could be filed, with extensions to be granted on cause shown, out of time petitions nevertheless were entertained and considered if cause was shown.[12]

Section 39 (c) was intended to establish definitely and clearly the proceeding for review of a referee's order in the interest of certainty and uniformity but the legislative history reveals no intention to change the preëxisting rule as to power.[13] Indeed, the Chandler Act by the amend-

---

[9] 172 U. S. 662.

[10] Abrogated January 16, 1939, effective February 13, 1939. 305 U. S. 681.

[11] *American Trust Co.* v. *W. S. Doig, Inc.,* 23 F. 2d 398; *Crim* v. *Woodford,* 136 F. 34; *Bacon* v. *Roberts,* 146 F. 729; *In re Grant,* 143 F. 661; *In re Foss,* 147 F. 790. 8 Remington on Bankruptcy (5th Ed. 1942) § 3704.

[12] *In re Oakland & Belgrade Silver Fox Ranch Co.,* 26 F. 2d 748; *In re T. M. Lesher & Son,* 176 F. 650; *Amick* v. *Hotz,* 101 F. 2d 311; *In re Wister,* 232 F. 898, affirmed 237 F. 793; see *Roberts Auto & Radio Supply Co.* v. *Dattle,* 44 F. 2d 159.

[13] H. Rep. No. 1409, 75th Cong., 1st Sess., p. 11; Committee Print, H. R. 12889, 74th Cong., 2d Sess., 149–50.

ment to § 2 (10) [14] sought to conform the act to the prevailing practice as to the bankruptcy court's exercise of its appellate jurisdiction over referees' orders.[15] We do not think § 39 (c) was intended to be a limitation on the sound discretion of the bankruptcy court to permit the filing of petitions for review after the expiration of the period. The power in the bankruptcy court to review orders of the referee is unqualifiedly given in § 2 (10). The language quoted from § 39 (c) is rather a limitation on the "person aggrieved" to file such a petition as a matter of right.[16]

The review out of time of the Commissioner's orders is then a matter for the discretion of the District Court. As that court was of the opinion it was "without jurisdiction" by virtue of § 39 (c), its discretion was not exercised. However, as we are of the view that the petitions for rehearing were not supported by adequate facts justifying a reëxamination of the bases for the orders of August 13 and September 7, 1940, and no others are alleged, and that therefore the District Court should not have entered into an out of time review of these original orders, there is no reason for a reversal of the judgments. The Commissioner upheld the petitions for rehearing against a motion

---

[14] Section 2 (10) gives the bankruptcy court jurisdiction to "consider records, findings, and orders certified to the judges by referees, and confirm, modify, or reverse such findings and orders, or return such records with instructions for further proceedings. 52 Stat. 842. Whereas the subsection formerly read "consider and confirm, modify or overrule, or return, with instructions for further proceedings, records and findings certified to them by referees." 30 Stat. 545.

[15] H. Rep. No. 1409, supra, p. 19; S. Rep. No. 1916, 75th Cong., 3d Sess., p. 11, compare Committee Print, H. R. 12889, supra, p. 11.

[16] Thummess v. Von Hoffman, 109 F. 2d 291; In re Albert, 122 F. 2d 393; Boyum v. Johnson, 127 F. 2d 491, 497, see Biggs v. Mays, 125 F. 2d 693, 696; In re Loring, 30 F. Supp. 758, 759. Contra, In re Pfister, 123 F. 2d 543, 548; In re Parent, 30 F. Supp. 943. Compare 2 Collier on Bankruptcy (14th ed. 1940) §§ 39.16, 39.20; 8 Remington on Bankruptcy, supra, § 3705.

to dismiss because they were out of time. He thereupon heard and passed upon the petition's merits as bases for rehearings. His reasons for refusing to open the original orders complained of are adequate and amply supported by the record. The appraisal was made and the time of stay fixed pursuant to the debtor's motion, he was represented by one or more counsel at each meeting, had opportunity to present evidence, and stipulated to the perishable character of the property ordered sold. See the last paragraph of division II.

IV. On account of debtor's motion, requesting the running of the moratorium of three years from April 26, 1940, the day of his adjudication in bankruptcy under 75 (s), we do not consider the correctness of a stay of less than three years under other circumstances. In this instance it was correct.

*Affirmed.*