In the Matter of George Lewis WAT-KINS, t/a Watkins Roofing Company, Bankrupt.

No. 2029.

United States District Court
W. D. Virginia,
Roanoke Division.

Sept. 12, 1961.

T. Warren Messick and Stuart A. Barbour, Jr., Roanoke, for Bankrupt.

John H. Kennett, Jr., Roanoke, Va., for Trustee, Edwin M. Young.

MICHIE, District Judge.

On June 23, 1961, J. T. Engleby, Jr., the referee in bankruptcy in the above matter, entered an order with respect to the proceeds of the sale of certain real estate owned by the bankrupt and the proceeds of certain fire insurance on improvements on said property which had been destroyed by fire before the sale. There was an unrecorded deed of trust on the property to secure a former owner, Lionel A. Irwin, a balance due on the sale price and this deed of trust, though not recorded itself, was referred to in the recorded deed from the purchaser from Irwin to the bankrupt and the latter thereby expressly assumed the payment of the balance due on the note secured by the unrecorded deed of trust.

Upon these facts the referee, after a thorough consideration of the law involved, held in said order of June 23, 1961:

"It is, therefore, the judgment of this court and It Is So Ordered, that the net proceeds from the sale of the real estate after deducting agent's commission and bankruptcy costs, shall be paid to the holder of the first lien thereon, namely, Lionel A. Irwin. The net proceeds from the settlement of the insurance claim, after deduction of the allowed attorneys' fees for the collection of the same, shall be allocated $1150.00 to the trustee covering the loss of the personal property, and the residue, after the deductions for proper administrative costs, shall be paid to the first lien-holder, namely Lionel A. Irwin."

On July 19, 1961 the bankrupt, by his attorney, gave notice that on July 24, 1961 he would move the referee to extend the time for filing a petition for review of the order of June 23, 1961. The original of this notice was filed with the referee on July 21, 1961. Apparently the motion itself was made orally (presumably on July 24, 1961) and on July 31, 1961 the referee entered an order denying the motion on the ground that it was made "after the expiration of the ten days from the entry of said Order" of June 23, 1961.

On August 4, 1961 the bankrupt filed with the Judge of the District Court a petition for review of the order of June 23, 1961 and for a review of the order of July 31, 1961 denying the original petition for review. And on August 14, 1961 the United States of America, a creditor for income and withholding taxes due it by the bankrupt, filed with the Judge a motion to review the order of June 23, 1961. Briefs were filed by the parties and the issues submitted to the court.

If the original petition for review was filed too late and cannot now be granted by the Court the interesting legal questions involved in the referee's order have been finally determined by that order and cannot ever be reconsidered by the Court. So a determination of whether the petition for review was timely filed is first in order.

Section 39, sub. c of the Bankruptcy Act (11 U.S.C.A. § 67, sub. c), as amended by Public Law 86–662, approved July 14, 1960, reads as follows:

"c. A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court *upon petition filed within such ten-day period* may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. *Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final.* Upon application of any party in interest, the execution or enforcement of the order complained of may be suspended by the court upon such terms as will protect the rights of all parties in interest."

The words italicized above were added by the 1960 amendment which did not otherwise change the section.

Prior to the 1960 amendment it was held that while the party desiring a review lost his absolute right to review if he did not file his petition for review within the ten-day period or the period as extended by the referee or the Court, the Court could nevertheless of its own inherent power and in its own discretion grant a petition for review at any time. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146. This was the situation which Congress sought to change by the 1960 amendment. As said in Senate Report No. 1689, June 24, 1960, to accompany H.R. 6556 (Vol. 2, U.S.Code Congressional and Administrative News, 1960, p. 3194–3197, at page 3195):

"A failure to file a petition for review of a referee's order within the prescribed 10 days after the entry of the order has generally been held, unless an extension is granted, to be fatal to the petition for review.

"The Supreme Court, however, has held that a bankruptcy court may, in its discretion, grant an extension even after the expiration of the 10-day period. The Court held (Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 153 [63 S.Ct. 133, 87 L.Ed. 146] (1942)) that although 39c limits an aggrieved party in seeking review as a matter of right after the 10-day period, it places no limitation upon the discretion of the bankruptcy court to entertain a petition for review after the expiration of that period.

*"There is now uncertainty as to the finality of a referee's order under this doctrine that a bankruptcy court may entertain an untimely petition for review even in the absence of an extension of time. The purpose of the bill is to fix a definite period of time within which an application for review must be filed.*

"The bill amends section 39c so as to make it clear that a petition for review must be filed within the prescribed 10-day period or within such extended time as the court may allow upon petition for extension itself filed within such 10-day period.

"The amendment recommended by the Administrative Office of the U. S. Courts to the bill as passed by the House of Representatives provides further, for the purposes of clarification, that unless the person aggrieved shall petition for review of such order within such 10-day period, or an extension thereof, the order of the referee shall become final." (Emphasis supplied.)

And in the explanation of the bill sent to Congress from the Administrative Office of the United States Courts (id. p. 3196) it is said:

"Section 39c stipulates 'ten days after the entry thereof' as the period within which a petition for review of a referee's order must be filed. Generally the failure to file within this time, unless an extension is granted, is fatal to the petition for review. However, in In re Steinberg ((D.C. S.D.Calif.1956) 138 F.Supp. 462), the court held that the expiration of the 10-day period does not preclude the court from entertaining a petition for review having power to exercise its own discretion in the matter. The effect of the expiration of the 10-day period is only that a petitioner cannot have a review as a matter of right. (See 'Collier on Bankruptcy,' 14th ed. vol. 2, sec. 39.20, and the other cases cited under note 8.)

"Uncertainty as to the finality of a referee's order now exists because of the holdings of some courts that a bankruptcy court may entertain an untimely petition for review, even in the absence of an extension of time. In view of this an amendment to section 39c is needed that will fix a definite period of time within which an application for review must be filed. The bill would amend section 39c so as to make it clear that the petition for review must be filed within the prescribed 10-day period or within such extended time as the court may allow upon petition for extension filed within such 10-day period."

"Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order shall become final." And an extension can be made only "upon petition filed within such ten-day period."

Final means final. And in the face of such sweeping language it can hardly be argued that Congress intended to keep alive the former power of the district judges to grant a review at any time and to restrict only the referees. In view of the existing case law Congress would surely have expressly provided for such continuance of unrestricted power in the district judges had that been its intent.

Indeed the only effect of the amendment upon the powers of the referees would appear to be to eliminate any possibility of the existence in them of a power, sometimes asserted, to extend, *after the ten-day period had expired*, the time for filing with them a petition for review. For the term "petition for review" as used in § 39, sub. c apparently does not include a reconsideration or rehearing by the referee himself. "The better view is that a referee in bankruptcy has power to amend his own orders and even to vacate them." 6 Am. Jur. p. 625. And in In re Pottasch Bros. Co., 2 Cir., 79 F.2d 613, Judge Learned Hand permitted an amendment of a referee's order to be made more than two years after the original order was entered and said at page 616:

"On the other hand, if a referee is a court at all, there is no warrant for saying because an appeal lies from his orders, that he has not the ancient and elementary power to reconsider those orders, nor the faintest reason why he should not do so. That power is of course limited in duration when there are terms of court, but in bankruptcy there are none."

It is obvious that § 39, sub. c of the Bankruptcy Act is not concerned with this inherent power of the referee to reconsider and amend his own orders. And there is nothing in the Congressional Report to indicate that the 1960 amendment was in any way concerned with this power. It deals only with a petition for review by the district judge.

It follows that there is no longer any inherent discretionary power in the district judge to grant a petition for review

after the ten-day period or any extension granted on a request made within such period has expired. The petition for review must therefore be denied on the ground that the referee's order of June 23, 1961 had become final before any petition for review, or petition for an extension of time within which to file such a petition, was filed. And the cause must therefore be remanded to the referee for further proceedings in accordance with his order of June 23, 1961.

An order will be entered accordingly.