**In the Matter of Sol SILVER, Bankrupt.**

United States District Court
S. D. New York.
Nov. 30, 1961.

Philip L. Leit, New York City, for petitioner.

Kronish & Lieb, New York City, Richard Lieb, George Friedman, New York City, of counsel, for trustee-respondent.

FEINBERG, District Judge.

This is a petition to review, pursuant to Section 39(c) of the Bankruptcy Act (11 U.S.C.A. § 67(c)), an order, dated October 11, 1961, of a referee in bankruptcy. The order under attack denied a motion by petitioner, Conditional Purchase Co., Inc. ("Conditional Purchase") for reconsideration and reargument of a motion which had previously been denied by the referee. For reasons set forth below, the petition for review is denied.

The basic facts concerning this petition are as follows: Sol Silver, the bankrupt, prior to the filing of a voluntary petition in bankruptcy in November, 1960, had executed a conditional sales contract and a chattel mortgage covering specified items utilized in his business. Both instruments were thereafter filed in the proper office in the county and were later assigned to Conditional Purchase. After the filing of the petition in bankruptcy, the bankruptcy Trustee and Conditional Purchase agreed that the items covered by the conditional sales contract and the chattel mortgage could be sold by the Trustee and the asserted liens of Conditional Purchase would be transferred to the proceeds of the sale. It is stipulated that the proceeds from the sale allocated to the items covered by the security instruments were $2,625. Conditional Purchase, upon a petition verified February 24, 1961, then moved for an order directing the Trustee to pay over this sum. The Trustee, in turn, moved to dismiss the petition of Conditional Purchase.

By order dated July 20, 1961 ("the July order"), the referee denied the petition of Conditional Purchase and granted the Trustee's motion to dismiss that petition. Thereafter, by petition verified August 23, 1961, Conditional Purchase moved for an order granting a reconsideration and reargument of the Trustee's motion to dismiss its former petition verified February 24, 1961. By order dated October 11, 1961 ("the October order"), the referee denied petitioner's motion for reconsideration and reargument.

Before the referee, the Trustee had successfully urged that various filing requirements were not complied with and, as a result, the asserted liens were invalid against the Trustee. In this Court, upon the petition for review, the Trustee repeated the same contentions and, in addition, vigorously urged that the October order is not appealable.

It would appear that the Trustee's contention is correct. In an analogous situation, the Court of Appeals for this Circuit pointed out that " * * * the refusal to entertain a motion for reargument, or denial of the motion, if entertained, is not the subject of appeal." Klein's Outlet, Inc. v. Lipton, 181 F.2d 713, 714 (2 Cir.1950); see Wayne United Gas Co. v. Owens-Illinois Glass Co., 300 U.S. 131, 137, 57 S.Ct. 382, 385, 81 L.Ed. 557, 561 (1937).[1]

Conditional Purchase, in a reply memorandum, concedes that "this is the usual rule" but urges that enough has been shown to invoke the inherent power of the Court to review an order of the referee. It is not necessary to decide whether such a power would exist as applied to the facts of the instant case since I do not feel that sufficient equitable considerations have been shown to justify disregarding "the usual rule."

Section 39(c) of the Bankruptcy Act has only recently been amended[2] to make clear the necessity of filing a petition for review of an order of a referee in bankruptcy within ten days, or of ob-

[1.] In discussing the precise issue, Collier points out that "a petition for review, however, may not be based upon the mere denial of a motion for a rehearing * *."

[2] Collier, Bankruptcy 1476 (14th ed. 1961).

[2.] Pub.L. No. 86-662, 74 Stat. 528 (July 14, 1960).

taining within the same time period an extension of time for the filing of a petition for review. Cf. Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942). After the referee's initial decision (the July order) in the instant case, petitioner's first action (a petition to the referee for reconsideration) was not taken until over a month had gone by. Under these circumstances, I do not believe that "the usual rule" should be disregarded.[3]

Upon this view of the case, it is unnecessary to dispose of the Trustee's substantive arguments that petitioner's asserted liens were invalid.

Accordingly, the petition for review is denied. Settle order on notice.

---

3. Cf. Terrasi v. South Atlantic Lines, 226 F.2d 823 (2 Cir.1955) cert. denied, 350 U.S. 988, 76 S.Ct. 475, 100 L.Ed. 855 (1956), where a motion in the District Court for reargument of a motion for a new trial was made within ten days after the original judgment.