**In the Matter of Victor P. DANENZA, Bankrupt.**

**No. 60–B–583.**

United States District Court
E. D. New York.

Jan. 5, 1962.

Julius R. Oltarsh, New York City, for bankrupt.

Robert P. Herzog, New York City, for objecting creditor.

BARTELS, District Judge.

Application under Section 39, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 67, sub. c, to extend time to file a petition for the review of the referee's order denying the bankrupt a discharge.

On October 27, 1961 the referee rendered a decision sustaining certain objections to the bankrupt's discharge. On October 31, 1961 a copy of a proposed order denying the discharge, with due notice of settlement for November 6, 1961, was sent to the attorney for the bankrupt by the objecting creditor. On November 6, 1961 the referee signed the proposed order.

According to petitioner's affidavit he had no notice of this order until receipt by his attorney of a copy of the order with notice of entry on November 17, 1961, in an envelope post-marked November 15, 1961; and that on November 20, 1961, within ten days of receiving such notice, he served upon the referee a petition for review which the referee refused to accept as untimely.

Before July 14, 1960 the pertinent provision of Section 39, sub. c, read as follows:

"A person aggrieved by an order of a referee may, within ten days after the entry thereof, or within such extended time as the court may for cause shown allow, file with the referee a petition for review * * *"..

In 1960 this provision was amended to read as follows:

" A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court *upon petition filed within such ten-day period* may for cause shown allow, file with the referee a petition for review of such order. \* \* \* *Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final. \* \* \** " (Italics supplied.)

Prior to the adoption of the above quoted amendment, it had been held that the District Court had discretion to allow the filing of a petition after the lapse of ten (10) days from the entry of the referee's order. Pfister v. Northern Illinois Finance Corp., 1942, 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146. In the Pfister case the Supreme Court held that Section 39, sub. c, placed a time limitation upon the right of the aggrieved party to a review, but not on the power of the Court to extend the limitation. The statement submitted by the Senate Judiciary Committee to Congress with the proposed 1960 amendment stated in effect that the amendment was sought to overrule the Pfister decision (Senate Report No. 1689, 1960 U.S.Cong. & Adm.News pp. 3194–3197). The Court must conclude that Congress amended Section 39, sub. c, for the purpose of limiting the right of the District Court to extend the time for review unless a petition for the extension was filed within the ten-day period. All of the authorities upon which petitioner relies were decided prior to the 1960 amendment and therefore must be deemed overruled by the action of the Congress.

There is no requirement in the statute that notice of entry of the referee's order be served upon the bankrupt by either the referee or the objecting creditors. If the default is caused by the absence in the statute of such a requirement, the defect is one which only Congress can remedy. Under the circumstances, however, the petitioner is not now in a position to complain that he received notice of entry of the order only after the lapse of the statutory ten-day period for appeal. Since no petition was filed with the Court within ten days from the entry of the referee's order requesting an extension of time to file a petition for review, the application must be denied.

Settle order within ten (10) days upon two (2) days' notice.