In the Matter of **FRIEDMAN & BELACK,
INC., Bankrupt.**

No. 28232.

United States District Court
E. D. Pennsylvania.

Dec. 28, 1965.

Strong, Barnett & Grasberger, by Edwin B. Barnett, Philadelphia, Pa., for Standard Packaging Corp.

Blank, Rudenko, Klaus & Rome, by Morton Newman, Philadelphia, Pa., for Rittenhouse Capital Corp.

LUONGO, District Judge.

Before me is the motion of Rittenhouse Capital Corporation to strike the petition of Standard Packaging Corporation for review of an order of the Referee in Bankruptcy. The order of the Referee was entered on July 13, 1965, and the petition for review was filed on July 26, 1965. Since the petition was filed after the ten day statutory period provided for in § 39, sub. c of the Bankruptcy Act (11 U.S.C.A. § 67, sub. c) it was untimely. Nevertheless, Standard contends that despite its tardiness I have the discretion to consider its petition. I do not agree.

Before 1960 the pertinent part of § 39, sub. c provided:

"A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such ex-

tended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge  *  *  *."

That provision was interpreted in Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942), to give to the District Courts, even after the expiration of ten days from the entry of the referee's order, discretion to review those orders under appropriate circumstances.

In July of 1960, Congress amended § 39, sub. c of the Bankruptcy Act " * * * so as to make it clear that a petition for review must be filed within the prescribed 10-day period or within such extended time as the court may allow upon petition for extension itself filed within such 10-day period." S.Rep. No. 1689, 1960 U.S.Code Cong. & Adm. News, pp. 3194, 3195. To implement its intention, Congress adopted the following language:

"A person aggrieved by an order of a referee may, within ten days after the entry thereof or within such extended time as the court *upon petition filed within such ten-day period* may for cause shown allow, file with the referee a petition for review of such order by a judge  *  *  *. *Unless the person aggrieved shall petition for review of such order within such ten-day period, or any extension thereof, the order of the referee shall become final.*" (Emphasis supplied.)

In the instant case, neither the petition for review nor an application for extension of time was filed within the ten day period. The quoted legislative history and the language of the amended section both make it clear that the District Courts no longer have the discretion to consider petitions for review untimely filed. The Referee's order thus became final upon the expiration of the ten days and the motion to strike the petition for review will be granted. In the Matter of Acme Furnace Fitting Co., 302 F.2d 318 (7th Cir. 1962), cert. de-

nied, 371 U.S. 853, 83 S.Ct. 89, 9 L.Ed.2d 88 (1962), rehearing denied, 371 U.S. 906, 83 S.Ct. 209, 9 L.Ed.2d 168 (1962); In the Matter of Danenza, 200 F.Supp. 694 (E.D.N.Y.1962); In the Matter of Watkins, 197 F.Supp. 500 (W.D.Vir. 1961).[1]

1. I am aware of In the Matter of Terrace Superette, Inc., 229 F.Supp. 371 (W.D. Wis.1964), in which the District Court did consider a petition for review filed out of time. In that case the referee had issued orders beyond his jurisdiction. Whether that factor affords a sufficient basis for departing from the requirement of § 39, sub. c I do not consider. To the extent that the result there is inconsistent with the other cases cited herein, I decline to follow it.