361 F.2d 751
 David B. HARDESTY, Appellant,
v.
Ralph D. KEIGHTLEY, Jr., Trustee in Bankruptcy, Appellee. In
the Matter of David Edmond Hardesty, Individually,
and d/b/a Hardesty's Department Store, Bankrupt.
 No. 10411.
 United States Court of Appeals Fourth Circuit.
 Submitted Feb. 11, 1966.
Decided May 25, 1966.
 
 1
 Philip T. Lilly, Jr., Bluefield, W. Va., on motion of appellee to affirm or dismiss.
 
 
 2
 John F. Somerville, Jr., Keyser, W. Va., on brief and memorandum in opposition to motion.
 
 
 3
 Before HAYNSWORTH, Chief Judge, BELL, Circuit Judge, and HUTCHESON, District Judge.
 
 STERLING HUTCHESON, District Judge:
 
 4
 The issue presented is a narrow one involving the construction of Section 67(c) of the Bankruptcy Act (11 U.S.C. 67(c)) as amended in 1960 by which amendment a limit of ten days was placed upon the time within which a person aggrieved by an order of a referee may petition for review by a judge. The pertinent facts follow.
 
 
 5
 On September 28, 1965, an order was entered by the referee in bankruptcy for the Southern District of West Virginia requiring the Appellant, David B. Hardesty, to make certain payments to the Trustee in Bankruptcy, the Appellee. On October 6, 1965, the Appellant petitioned the referee to grant him a hearing and an opportunity to testify. That petition was summarily denied by order of the referee on October 8, 1965. On October 18, the Appellant filed a petition as a 'person aggrieved' for a review by a judge of the findings of the referee. On November 15, the United States District Judge dismissed the petition for appeal for want of jurisdiction. On November 29, Appellant appealed to this court from that order.
 
 
 6
 The trustee in bankruptcy, the Appellee, has filed a motion to affirm the order of the District Court or to dismiss the appeal upon the ground that the petition for review in the District Court was not timely.
 
 
 7
 Appellee contends that the 10 day period began on September 28, the date of the order entered by the referee requiring the Appellant to make payment to the trustee.
 
 
 8
 Appellant contends that the 10 day limitation during which petition may be filed for review by the District Judge should begin on October 8, 1965, the date upon which the referee denied the petition filed on October 6.
 
 
 9
 In 1960, Section 67(c) was amended. That section provided that a person aggrieved by an order of the referee may, within 10 days after the entry of such order or within such extended time as the court upon petition filed within such period may for cause shown allow, file with the referee a petition for review of the order by a judge.
 
 
 10
 From decided cases it appears that there was a lack of clarity prior to the 1960 amendment. That amendment contains the following language: 'Unless the person aggrieved shall petition for review of such order within such ten day period, or an extension thereof, the order of the referee shall become final.' The order there referred to is the order of the referee. The 'petition for review' is for review by a judge, not for review by the referee, nor does it refer to a petition for any hearing by the referee.
 
 
 11
 The answer to Appellant's contention is clearly contained in the statute. The beginning of the 10 day period was September 28, 1965, the date of the entry of the order by the referee. Appellant failed to file a petition for review of that order by a judge until October 18, 1965 when the 10 day period had passed.
 
 
 12
 The statute is one of limitations designed to fix a time for finality of litigation. See also In Re Watkins, D.C., 197 F.Supp. 500; Acme Furnace Fitting Company v. Biggs, 7 Cir., 302 F.2d 318; In Re Danenza, D.C., 200 F.Supp. 694; In Re Lawson, D.C., 201 F.Supp. 710; In Re Harlik, D.C., 207 F.Supp. 325, 327; Potucek v. Cordleria, 10 Cir., 310 F.2d 527; Wayne United Gas v. Owens-Illinois Glass Co., 300 U.S. 131, 57 S.Ct. 382, 81 L.Ed. 557.
 
 
 13
 We do not reach the question which would have been presented if the referee had reopened the case following the receipt of the petition for rehearing. Therefore, we do not undertake to decide whether in such case the ten day limitation would run from the date of the first order of denial or from the date of a subsequent order following the rehearing. See Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146.
 
 
 14
 It follows that for the reasons stated the appeal should be dismissed and that the order of the District Court should be affirmed.
 
 
 15
 Affirmed.