786 F.2d 185
 5 Fed.R.Serv.3d 224, 14 Bankr.Ct.Dec. 416,
Bankr. L. Rep. P 71,075
 WHITEMERE DEVELOPMENT CORPORATION, INC. and CNH Development
Corp. and Charles H. Heidler, t/a Heidler
Enterprises, Debtors,
CNH Construction & Development Corporation, a New Jersey
Corporation and Whitemere Development Corporation,
a New Jersey Corporation
v.
The TOWNSHIP OF CHERRY HILL, New Jersey, Anthony Saccomanno,
as Director of Code Enforcement and Inspection of the
Township of Cherry Hill, New Jersey, Dom's International
Sales and Services, Inc., Richard E. Rohrback, as Engineer
for the Township of Cherry Hill, New Jersey, j/s/a
Defendants/Third Party Plaintiffs,
Charles Heidler, Inc., Charles L. Heidler, Nancy E. Heidler,
CNH Construction and Development Corporation, Whitemere
Development Corporation and Republic Insurance Company,
Appellees/Third Party Defendants.
Appeal of WHITEMERE DEVELOPMENT AND CONSTRUCTION INC., and
CNH Construction Development Corporation.
 No. 85-5469.
 United States Court of Appeals,
Third Circuit.
 Submitted Pursuant To Third Circuit
Rule 12(6)
Feb. 21, 1986.
Decided March 19, 1986.
 
 Wayne Partenheimer, Morris, Brock & Partenheimer, Cherry Hill, N.J., for appellants.
 Ralph J. Kmiec, Cherry Hill, N.J., for appellees/defendants.
 Gloria M. Burns, Davis, Reberkenny & Abramowitz, Cherry Hill, N.J., for appellees/third party defendants.
 Before WEIS and SLOVITER, Circuit Judges, and ZIEGLER,* District Judge.
 OPINION OF THE COURT
 WEIS, Circuit Judge.
 
 
 1
 In this appeal we address the timeliness of a notice of appeal from an order of a bankruptcy judge. The district court determined that a motion to modify an order filed more than ten days after its entry did not extend the time for filing a notice of appeal. We agree and will affirm the dismissal.
 
 
 2
 The debtors in this case were in the business of constructing residential housing. They built a number of homes in Section I of a tract in Cherry Hill, New Jersey, but because market conditions became adverse, they were unable to complete the planned work in Section II and left open foundations and construction equipment on the site. Concluding that the area constituted a nuisance, the municipality took steps to alleviate the conditions by revoking building permits, erecting fences, removing the construction equipment, and imposing liens for the cost of those actions.
 
 
 3
 The debtors, who had not yet filed in bankruptcy, commenced suit in state court against the municipality for damages and injunctive relief. Cherry Hill, in turn, filed a third-party complaint against Republic Insurance Company, which had issued the performance bonds on the project. Republic then brought in the indemnitors and principals on the bonds.
 
 
 4
 After the debtors sought reorganization under Chapter 11, the state suit was transferred to the bankruptcy judge, who adjudicated the various claims and cross-claims. He granted relief to the debtors on some counts and found in favor of the municipality on others. He required Republic to complete certain construction in Section II and provided that the surety was "entitled to file a claim for deficiency, if any, against the estate of Charles Heidler and CNH and Whitemere" (the debtors).
 
 
 5
 In accordance with the opinion, an order generally consonant with these findings was submitted to the bankruptcy judge. However, in addressing the count affecting Republic, paragraph 7 of the order stated that the judgment allowing indemnity to the bonding company was against C. Heidler, Inc. and Charles Heidler, individually. The paragraph failed to mention the liability of the other indemnitors. The order was entered April 30, 1984.
 
 
 6
 On May 29, 1984, Republic filed a "Motion to modify order for judgment entered April 30, 1984." It asked for a change in paragraph 7 to specify that the judgment in favor of Republic be "against C. Heidler, Inc., CNH Construction and Development Corporation, Whitemere Development Corporation, and Charles L. Heidler and Nancy E. Heidler, individually." In support of its request, Republic stated that the failure to enter a judgment naming all those liable as indemnitors was "an inadvertent omission and not a substantive one." The motion was unopposed, and on October 31, 1984, the bankruptcy judge granted it.
 
 
 7
 On November 9, 1984, debtors CNH and Whitemere filed a notice of appeal from the original order of April 30, 1984.[1] The district court found that the time for filing an appeal began on April 30, 1984 and not October 31 as the debtors urged. Therefore, the ten day period had expired before the notice of appeal was filed, and the court was required to dismiss the appeal as untimely.
 
 
 8
 In this court the debtors concede that the appeal was not from the amending order of October 31, 1984, and they do not attack that order. Rather, they contend that the April 30 action of the bankruptcy judge did not become final until the amending order of October 31, 1984, and therefore the appeal filed on November 9, 1984 was timely.
 
 
 9
 Under bankruptcy Rule 8002(a), a notice of appeal to a district court from a bankruptcy judge's order must be filed within ten days of the entry of the order. The time limit is strictly construed and is jurisdictional in effect. As we held in In re Universal Minerals, Inc., 755 F.2d 309, 312 (3d Cir.1985), "Failure to file a timely notice of appeal thus deprives the district court of jurisdiction to review the bankruptcy court's order or judgment."
 
 
 10
 On request, the bankruptcy judge may extend that period for an additional twenty days. See 8002(c). However, the debtors here may not claim that extension because neither they nor any other party made a request to the bankruptcy judge for additional time.
 
 
 11
 The debtors instead rely on Rule 8002(b). It provides that if a "timely motion is filed in the bankruptcy court by any party ... under Rule 9023 to alter or amend the judgment," the appeal time begins to run from the entry of the order granting or denying the motion. The debtors contend that Republic's motion filed on May 29, 1984 tolled the beginning of the appeal time. We must determine, therefore, whether Republic's motion was "timely" and whether it comes within the ambit of Rule 9023.
 
 
 12
 The Bankruptcy Rules are designed to be as consistent with the Rules of Civil Procedure as bankruptcy subject matter allows. Bankruptcy Rule 9023 simply incorporates Fed.R.Civ.P. 59, except in one instance not pertinent here. Thus, we must turn to the Rules of Civil Procedure.
 
 
 13
 Fed.R.Civ.P. 59(e) states that a motion to alter or amend a judgment "shall be served not later than 10 days after entry of the judgment." If the subject matter of Republic's motion properly fell within the coverage of Rule 59, it was nevertheless untimely, having been served twenty-nine days after the entry of the April 30, 1984 order. A court's consideration of an untimely Rule 59 motion does not serve to toll the running of the appeal period. Hence, the notice of appeal filed in November 1984 was too late to confer jurisdiction on the district court. See Richerson v. Jones, 572 F.2d 89, 93 (3d Cir.1978) (interpreting Fed.R.App.P. 4(a), from which Rule 8002 was adapted).
 
 
 14
 Republic based its motion for modification of the April 30 order on the ground that the court's omission of certain parties was caused by "inadvertence." Rather than a Rule 59 request to alter or amend the judgment, the motion may properly be viewed as coming within the scope of Fed.R.Civ.P. 60 which, with exceptions not germane here, is incorporated within Bankruptcy Rule 9024.
 
 
 15
 Rule 60(a) allows a court to correct clerical mistakes and orders at any time, on its own initiative or on motion of a party. 11 C. Wright & A. Miller, Federal Practice and Procedure Sec. 2854 ("[I]f the intention of the judge to include a particular provision in the judgment was clear, but he neglected to include the provision, the rule authorizes correction of the judgment."). Under Rule 60(b), a court may on motion alter or relieve a party from a judgment within one year of its entry because of inadvertence of the court or a party.
 
 
 16
 Republic's motion arguably qualifies under either 60(a) or (b), and if so, it was timely with respect to the relief sought. In either instance, however, a Rule 60 motion is not listed in Rule 8002(b) and cannot act to extend the time for appeal. 9 J. Moore, Moore's Federal Practice p 204.12. Only if the motion came within the scope of Rule 59 and was filed within its ten day limitation would it have that effect.[2]
 
 
 17
 Pfister v. Northern Illinois Finance Corp., 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942) and In re Branding Iron Steak House, 536 F.2d 299 (9th Cir.1976), on which the debtors rely, are not helpful. Pfister was decided before the adoption of the Bankruptcy Rules, which eliminated the discretion to address untimely petitions. See In re 6 & 40 Investment Group, Inc., 752 F.2d 515, 516 (10th Cir.1985). In Branding Iron, the court did not address the present situation where the motion, if under Rule 59, was not timely.
 
 
 18
 The debtors' notice of appeal filed on November 9, 1984 would be timely as an appeal from the October 31 amending order. Such an appeal, however, would be confined solely to the granting of Republic's motion under Rule 60 and could not address the correctness of the order of April 30, 1984. 9 Moore's Federal Practice p 204.12. The debtors have no interest in challenging Republic's motion or the order granting it. Their untimely appeal raised only the substantive issues in the April 30 adjudication, which were unrelated to the surety bond.
 
 
 19
 We conclude that the district court correctly ruled that the debtors' appeal was untimely. Accordingly, the judgment of the district court will be affirmed.
 
 
 
 *
 The Honorable Donald E. Ziegler, United States District Judge for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 The Heidlers who are also indemnitors have not appealed. However, for simplicity we will continue to refer to appellants as "debtors."
 
 
 [2]
 The twenty day extension provisions of Bankruptcy Rule 8002(c) and of Civil Rules 50(b) and 52(b) are not relevant in the circumstances here