**In re 1330 19TH STREET CORPORATION, Debtor.**

**Bankruptcy No. 84–00265.**

United States Bankruptcy Court, District of Columbia.

Jan. 5, 1989.

Brian R. Seeber, Gins and Seeber, Washington, D.C., for debtor.

William Lyons, Trial Atty., I.R.S., Washington, D.C., for I.R.S.

ORDER DENYING MOTION FOR RELIEF FROM CONSENT ORDER OF JUNE 16, 1987 AND DENYING MOTION FOR SANCTIONS UNDER BANKRUPTCY RULE 9011

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The Debtor has filed a motion seeking relief from the consent order of June 16, 1987, whereby this Court ordered that the Debtor's landlord was granted relief from the automatic stay of 11 U.S.C. § 362(a) in the event that the Debtor defaulted in certain required payments. For the reasons stated at a hearing of December 12, 1988, the motion for relief from the consent order must be denied.

A bankruptcy judge has an "ancient and elementary power to reconsider his own orders" and there is no reason why those orders "should be as immutable as the Twelve Tables, once the ink is dry." *In re Pottasch Bros., Co.,* 79 F.2d 613, 616 (2nd Cir.1935) (Learned Hand, J.). This power has survived in Fed.R.Civ.P. 60 as made applicable to bankruptcy cases. *Matter of Lintz West Side Lumber, Inc.,* 655 F.2d 786, 791 (7th Cir.1981).

Despite the sanctity of consent orders, the bankruptcy courts have not hesitated to set aside such orders when warranted by the circumstances and have specifically done so in the case of consent orders governing relief from the automatic stay. *See, e.g., In re Johnson & Morgan Contractors,* 29 B.R. 372 (Bankr.M.D.Pa.1983); *In re Lebanon Steel Foundry,* 48 B.R. 520, 524 (Bankr.M.D.Pa.1985). As stated in *Johnson & Morgan,* "such an approach is particularly necessary and important when reviewing orders issued in a Chapter 11 case which require continuing conduct of the Debtor–in–Possession and on which the success or failure of the rehabilitation might depend." 29 B.R. at 374.

The Debtor here is on the eve of a hearing to consider confirmation of a plan. The Debtor failed to live up to the payment obligations under the consent order, but is now in a position to make good on the arrearages thereunder. These circumstances—and particularly the fact that the lease is vital to the Debtor's prospects of reorganization—might be viewed as grounds for relief under Rule 60(b). *See In re Bialac,* 694 F.2d 625, 627 n. 2 (9th Cir.1982) (if confirmed plan was evidence that might have altered outcome of initial stay litigation, Rule 60 motion could be filed in bankruptcy court).

This Court rejected that view. The parties negotiated payment terms and ought to be required to abide by them except in unique circumstances. *Matter of Cannady Supply Co., Inc.,* 6 B.R. 674, 677–78

(Bankr.Kan.1980); *In re Borchardt*, 47 B.R. 879 (Bankr.Minn.1985).

An unforeseen change in circumstances is one of the grounds for granting relief.

Rule 60(b)(5), F.R.Civ.P. (applicable here by Bankruptcy Rule 9024), allows relief from a judgment when "it is no longer equitable that the judgment should have prospective application." The power to modify under Rule 60(b)(5) based on changed conditions applies even when the order was a consent order without any express reservation of a power to modify. *United States v. Swift & Co.*, 286 U.S. 106, 114, 52 S.Ct. 460, 462, 76 L.Ed. 999 (1932). However, Rule 60(b)(5) may not be invoked to readjust the consent order "in its application to the conditions that existed at its making." *Swift*, 286 U.S. at 119, 52 S.Ct. at 464. In order to invoke Rule 60(b)(5) the movant carries a difficult burden:

> Nothing less than a clear showing of grievous wrong evoked by new and unforeseen conditions should lead us to change what was decreed after years of litigation with the consent of all concerned.

*Id.*

The present motion presents inadequate grounds for relief under Rule 60(b)(5), failing to allege any material change in circumstances. The change in the ownership of the subject real property is not the type of changed circumstance contemplated by the rule. The Debtor's failure to make payments is not a changed circumstance and the reasons why the Debtor failed to do so are not alleged. Finally, the fact that the Debtor is on the eve of bankruptcy is not a changed circumstance: it was obvious the Debtor at some point was going to have to file a reorganization plan.

Some decisions invoke Rule 60(b)(6) in granting relief from an order granting relief from the automatic stay based on changed circumstances. *See, e.g., In re Durkalec*, 21 B.R. 618, 619–20 (Bankr.E.D. Pa.1982). It is more appropriate, in this Court's view, to proceed under the more specific provision of Rule 60(b)(5) and the test of *Swift* applicable thereto.[1]

Although the Court disagreed with the Debtor's position, the case is clearly not an instance where Rule 9011 sanctions are appropriate. This Court sits as a court of equity and the Debtor's motion was not groundless in seeking revision of the consent order under Rule 60 in conjunction with the Court's equitable powers to regulate the reorganization proceeding before it.

For the reasons indicated above, the Court held the Debtor to the terms of the consent order. But it must be emphasized that in so doing the Court did not reject the Debtor's contention that it is inequitable for the landlord to refuse to accept a tender of the arrearages. That contention may be renewed in the Superior Court which is free to take into account all of the equities, including the adverse impact termination of the lease would have on the creditors of the Debtor's estate, including the Internal Revenue Service—an involuntary creditor holding a claim of approximately $175,000.

Based on the foregoing, it is

ORDERED that the Motion for Relief from Consent Order of June 16, 1987 is DENIED. It is further

ORDERED that the landlord's motion for sanctions under Bankruptcy Rule 9011 is DENIED.

---

**1.** This is not the situation in which the Rule of *Wayne United Gas Co. v. Owens–Illinois Gas Co.*, 300 U.S. 131, 137–38, 57 S.Ct. 382, 385–86, 81 L.Ed. 557 (1937) applies. *See* also *Pfister v. Northern Illinois Finance Corp.*, 317 U.S. 144, 63 S.Ct. 133, 87 L.Ed. 146 (1942). *Wayne* allows rehearing by a court of bankruptcy "if no intervening rights will be prejudiced by its action" and if the order is made "before rights vested on the faith of [the] action." Assuming *Wayne* and *Pfister* have survived the incorporation of Rule 60 into the rules applicable to bankruptcy proceedings (*see In re Texlon Corp.*, 596 F.2d 1092 (2nd Cir.1979)), they are of no help to the Debtor here because the landlord's predecessor-in-interest gave up its right to seek immediate relief from the automatic stay by consenting to the consent order.