In the Matter of CANNADY SUPPLY COMPANY, INC., Debtor.

KEITH COUNTY BANK & TRUST CO., Plaintiff,

v.

CANNADY SUPPLY COMPANY, INC., Defendant.

OLIN CORPORATION, Plaintiff,

v.

CANNADY SUPPLY COMPANY, INC., Defendant.

Bankruptcy No. 80–20624.
Adv. Nos. 80–0107, 80–0124.

United States Bankruptcy Court, D. Kansas.

Oct. 24, 1980.

F. Stannard Lentz and Thomas Hamill of Hamill, Lentz, Neill & Dwyer, Raeland Park, Kan., for debtor, Cannady Supply Co., Inc.

Steven C. Turner of Marer, Venteicher, Strasheim & Laughlin, and Gary Lane, Omaha, Neb., local counsel, for Keith County Bank and Trust Co.

Greg Searson of Kutak, Rock & Huie, Omaha, Neb., and Donald Bucher of McDowell, Rice & Smith, Kansas City, Kan., local counsel, for Olin Corp.

Albert Grauberger, Kansas City, Kan., for Creditor's Committee.

John Pearson and Paula C. Packard, Wichita, Kan., for United States Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

BENJAMIN E. FRANKLIN, Bankruptcy Judge.

This matter came on for hearing on the 1st and 2nd day of October, 1980, pursuant to the debtor's Motion for Modification of Agreement of July 28, 1980, and Orders thereto, for Continuation of the Automatic Stay and for a Temporary Restraining Order.

F. Stannard Lentz and Thomas Hamill, of Hamill, Lentz, Neill & Dwyer, appeared on behalf of the debtor, Cannady Supply Co., Inc.; Steven C. Turner, of Marer, Venteicher, Strasheim & Laughlin, and Gary Lane, local counsel, appeared on behalf of Keith County Bank and Trust Co.; Greg Searson

of Kutak, Rock & Huie, and Donald Bucher, of McDowell, Rice & Smith, local counsel, appeared for Olin Corporation; Albert Grauberger appeared on behalf of the creditor's committee; and John Pearson and Paula Packard appeared on behalf of the United States Trustee.

The Court, after reviewing the Motion, hearing the evidence and being otherwise fully advised in the premises, finds that the debtor's Motion should be denied.

## FINDINGS OF FACT

1. On July 2, 1980, Cannady Supply Co., Inc., hereinafter referred to as "debtor", filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Kansas.

2. The debtor, prior to July 2, 1980, had attempted to secure alternative financing in order to pay its secured obligations. The purpose of the Chapter 11 filing as stated in the Board of Directors' Resolution attached to the petition, was to secure additional time in order to obtain alternative financing.

3. On or about July 9, 1980, Keith County Bank & Trust Co., hereinafter referred to as "Bank", a secured creditor, filed a Complaint for Relief from Stay and Reclamation of Collateral.

4. On or about July 14, 1980, Olin Corporation, hereinafter referred to as "Olin", also a secured creditor, filed an application to prohibit use, sale, or lease of collateral and an application to prohibit debtor's use of proceeds of security. On August 6, 1980, Olin filed a Complaint for Relief from the automatic stay.

5. Negotiations were held between the debtor and the secured parties concerning various issues including continued operations by the debtor, use of cash collateral and the obtaining of alternative financing.

6. On or about July 28, 1980, a joint application of the debtor and the secured parties was presented to the Court, with an agreement attached thereto.

7. On July 28, 1980, a hearing was held where counsel for the debtor and the secured parties were present; and this Court entered an Order approving and implementing the terms of the Agreement as to the Bank. A similar order was entered in the Olin adversary proceeding on August 11, 1980.

8. The purpose of the Agreement of July 28th as stated therein was to enable the debtor to continue operating its business while it attempted to secure alternative financing. The agreement, in essence, provided, subsequent to July 28th, for the use by the debtor of cash collateral and other collateral of the secured parties. The debtor in fact, used and consumed several hundred thousand dollars worth of inventory and cash collateral.

The agreement further provided that if the debtor did not secure alternative financing by September 15, 1980, then the debtor consented to the vacation of any stay or injunction and further consented and agreed to turn over the collateral to the secured parties.

9. The United States Trustee had notice of the Joint Application, the Agreement and the Order of this Court. In addition, the signature of the Assistant U. S. Trustee appears on the Agreement of July 28th.

10. The Notice of Appointment of the Creditor's Committee was filed also on July 28, 1980.

11. The Creditor's Committee and unsecured creditors were in no manner prejudiced by any of the prior proceedings including the Agreement of July 28, 1980, and the Orders implementing that Agreement, since no one disputes the fact that the secured creditors' liens were properly perfected.

12. The debtor did not by September 15, 1980, obtain alternative financing.

13. The debtor did not turn over the collateral, and filed a Motion on September 15, 1980, requesting modification of the agreement of July 28th.

14. On September 15, 1980, the Court held a preliminary hearing and granted the

debtor temporary relief until a full hearing could be held on October 1, 1980.

15. The debtor's proposal attached to the Motion which is asserted as the basis for relief from the orders of July 28th and August 11, 1980, is predicated in part on the assertion that the prospects for a good hunting season will result in increased sales.

16. The debtor's business is seasonal, with the greatest sales traditionally coming in the months of September, October, November and perhaps, December.

17. The evidence as to the oncoming 1980 hunting season being exceptionally lucrative, is purely speculative as factors such as weather and general economic conditions preclude any ability to determine the strength of the hunting season in terms of increased sales.

18. The debtor predicted in July, prior to the Agreement of July 28th, that the fall hunting season would result in increased sales.

19. As of August, 1979, the debtor owed the Bank, the sum of One Million Dollars ($1,000,000.00).

20. Between September, 1979 and February, 1980, the debtor had total sales in excess of Two Million Dollars ($2,000,-000.00). However, during that time period, the debtor made only one partial payment, and that was on the interest on the loan. No payments were made to reduce the principal owed to the Bank.

21. The debtor, in May, 1980, voluntarily agreed to turn the collateral over to the secured parties; however, the turnover of collateral was not fully effectuated, in that the debtor, with the assistance and the cooperation of the Bank, attempted to obtain a purchaser for the business.

22. Ultimately, the debtor was requested to comply with its agreement to turn over the collateral and the debtor refused; and replevin actions were commenced in state court.

23. The replevin actions were stayed due to the initiation of the Chapter 11 proceeding in the U. S. Bankruptcy Court.

## CONCLUSIONS OF LAW

A. The Orders of July 28, 1980, and August 11, 1980, are final orders pursuant to Bankruptcy Rule 803.

B. Relief or modification of any final order of the Court is controlled by Bankruptcy Rule 924 which incorporates Rule 60 of the Federal Rules of Civil Procedure.

C. Rule 60(b) of the Federal Rules of Civil Procedure states in pertinent part, as follows:

"... *On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: ... (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. ..."*

D. The position of the debtor is predicated upon Rule 60(b)(5) or (6) and is generally summarized by suggesting that the Court as a Court of equity, should modify its final Order.

E. The debtor has the burden to make a clear and convincing showing and demonstration that its motion falls within the context of Rule 60.

F. Relief from a final order under Rule 60 is extraordinary relief and will be

considered only upon a showing of new and unforeseen conditions and new and unforeseen substantial change. See *United States v. Swift*, 286 U.S. 106, 119, 52 S.Ct. 460, 464, 76 L.Ed. 999 (1932); *Humble Oil and Refining Co. v. American Oil Co.*, 405 F.2d 803, 813 (8th Cir. 1969); 11 Wright and Miller, Federal Practice and Procedure § 2863 at 206–207 (1973).

 G. Rule 60 was not designed nor does it permit relief from final orders when the effect of such relief would free the moving party from calculated and deliberate choices and decisions. See *In Re Federals Inc.*, 555 F.2d 577, 583 (7th Cir. 1977); *U. S. v. Erdoss*, 440 F.2d 1221, 1223 (2nd Cir. 1971); 11 Wright and Miller, Federal Practice and Procedure § 2864 at 214.

H. The Agreement of July 28th was knowingly and understandingly entered into by the debtor with advice of counsel, and there is no basis in this case to warrant any relief from that decision.

I. The debtor has failed to make any showing of any unforeseeable events or change in circumstances which in any manner would support relief from or modification of the final orders of this Court.

J. The Bankruptcy Court is a Court of Equity and under 11 U.S.C. § 105, may issue any order to carry out the provisions of this title.

K. A motion to modify a final order of this Court is addressed to the equitable powers of this Court and the Court, in its discretion may grant or deny the motion based on all the circumstances presented to the Court.

L. The burden is on the debtor to demonstrate adequate protection for the interest of the secured parties and to demonstrate an equitable basis for the modification of the final orders of July 28th and August 11th.

M. The debtor has failed to demonstrate any basis upon which to modify the prior orders of this Court.

N. The evidence presented by the debtor fails to show that the interest of the secured parties is adequately protected in that the debtor's projections and proposals are purely speculative.

O. The debtor accepted the full benefits of the Agreement and Order of July 28th, to the detriment of the secured parties and is estopped after having received those benefits, from attempting in any manner to relieve itself of any burdens which may have been imposed by the Agreement of July 28th.

P. Although this Court is a Court of Equity, its equitable powers must be exercised in accordance with general principles of law. The debtor, having freely entered into this contract and having requested this Court for the approval of the contract and an order implementing same, should be bound thereby.

For reasons set out above, the Court finds that the defendant's Motion for Modification of Agreement of July 28, 1980, should be denied as set out in the Journal Entry filed in this Court on October 8, 1980.

The Court further finds that the order of this Court filed September 26, 1980, temporarily extending the effect of the agreement entered into on July 28, 1980, should be vacated; and that all other findings and orders in the journal entry dated October 8, 1980, and filed October 10, 1980, shall remain in full force and effect.

IT IS SO ORDERED.