**In the Matter of VOEGEL ICE CREAM CO., INC., Debtor.**

**FIRST NORTHWESTERN NATIONAL BANK OF FARIBAULT, Plaintiff,**

v.

**VOEGEL ICE CREAM CO., INC., Defendant.**

**VOEGEL ICE CREAM CO., INC., Plaintiff,**

v.

**Fred WENDT et al., Defendants.**

**Bankruptcy No. 3–80–652.**
**Adv. Proceeding Nos. 80–0091, 80–0173.**

United States Bankruptcy Court, D. Minnesota, Third Division.

Dec. 1, 1980.

Jeremiah J. Kearney, Minneapolis, Minn., for debtor, Voegel Ice Cream Co., Inc., ("Voegel").

Arthur L. Doten, Minneapolis, Minn., for First Northwestern Nat. Bank of Faribault ("Bank").

Don Johnston, Minneapolis, Minn., for Creditors Committee.

## ORDER

JOHN J. CONNELLY, Bankruptcy Judge.

Before the Court for determination are two motions of Voegel Ice Cream Co., Inc.

The one filed September 12, 1980 in Adversary Proceeding No. 80–0091 is a motion for an order

    a. retaining jurisdiction over the personal and real property of Voegel . . . for purpose of protecting Voegel's rights to reinstate security interest and mortgage from a foreclosure sale.

    b. requiring Northwestern National Bank to endorse certain checks payable to Voegel and the bank and to deposit the proceeds in the collateral account.

    c. requiring the bank to apply all monies in collateral account in a certain manner.

    d. requiring the bank to marshall assets.

The second pending motion filed August 28, 1980 is in Adversary Proceeding No. 80–0173 (Adversary Complaint) seeking order of the Court

permitting sale of certain motor vehicles, use of cash collateral in the conduct of the business, turn over by First Northwestern National Bank of cash collateral in its custody or control. The request to use cash collateral is predicated on Debtor giving adequate protection to the United States and the First Northwestern National Bank of Faribault.

A hearing was held on Debtor's motions pursuant to notice given on September 15, 1980. Jeremiah J. Kearney, attorney, appeared on behalf of Debtor, Voegel Ice Cream Co., Inc., ("Voegel"). Arthur L. Doten, attorney, appeared on behalf of First Northwestern National Bank of Faribault ("Bank"), and Don Johnston appeared on behalf of the Creditors Committee. Briefs have been filed by the Bank, Voegel and the United States.

The first–mentioned motion of the Debtor follows, and no doubt was precipitated by, this Court's Order of September 8, 1980 whereby the Court acting on the application and affidavit of Arthur L. Doten on behalf of the Bank lifted the automatic stay in force and effect to permit the Bank to take action to replevin and foreclose its interest in the real and personal property of the Debtor, and directed Voegel to deliver immediately the personal property of the Debtor to the Bank and granting certain other relief requested.

Voegel filed a petition for an arrangement pursuant to Chapter 11 of the Bankruptcy Code May 2, 1980. Shortly after the commencement of the Chapter 11 proceedings the Bank filed its complaint (Adversary Proceeding No. 80–0091) on May 12, 1980 requesting an order lifting the stay to permit it to replevin and foreclose its interest in the Debtor's property. The Debtor filed its answer June 3, 1980 denying that Bank's interests were inadequately protected and requested the complaint be dismissed. A preliminary hearing was held on the Bank's complaint and the Court continued the stay and set a trial date for July 10, 1980. Pursuant to a Stipulation Agreement dated July 11, 1980 (the "Stipulation"), the Bank and Voegel agreed that adequate protection would be provided to the Bank if Voegel made certain payments and performed other obligations required by the Stipulation. In the event that Voegel failed to make the required payments and perform the required obligations, the Stipulation provided that the Court could enter an order lifting the stay then in effect and direct Voegel to turn over the collateral covered by the Bank's security agreement and permit the Bank to sell or otherwise dispose of such collateral on Voegel's premises. Voegel failed to make the payments or perform the obligations required by the Stipulation. On September 8, 1980, the Court on application of the Bank and its attorney's affidavit of default entered an Order lifting the stay and directed Voegel to deliver the collateral to the Bank and to permit the Bank to sell or otherwise dispose of the same on Voegel's premises.

Adversary Proceedings No. 80–0173 was commenced by Voegel July 23, 1980 to adjudicate its rights in certain cash collateral vis–a–vis the rights of the Bank and the United States of America ("United States"). The Bank began intercepting Voegel's accounts receivable in late February 1980 before the Chapter 11 was filed and either applied the account proceeds to

payment of Voegel's notes at the Bank or deposited such amounts in a collateral account at the Bank. Voegel seeks an order of this Court requiring the Bank to turn over to Voegel all sums collected on the receivables in excess of the amount necessary to bring Voegel's delinquencies on its notes at the Bank to current status and also an order permitting Voegel to use such monies in its reorganization upon giving adequate protection to the Bank.

At a hearing held on September 9, 1980 one day after the Court entered its order lifting the stay in favor of the Bank, Voegel acknowledged that much of the relief requested by its complaint had been rendered moot by the Court's order lifting the stay. Nevertheless, Voegel moved the Court at that time for an order retaining jurisdiction over Voegel's real and personal property to "protect Voegel's equity of redemption and rights to reinstate" which were reserved to Voegel in the Stipulation and Order approving it. Voegel at the same time requested an order of the Court marshalling the assets adjunctive to protecting the equity of redemption and right to reinstate its position under the loans. The Bank rightly in its brief acknowledges that Voegel may still have right to reinstate or redeem these rights but those are rights which may be routinely exercised without involvement of any Court.

Voegel in its brief minimizes the amount of its defaults under its notes to the Bank and concludes that the actual default is de minimis and that by proper sale and application of proceeds from the sale of assets of the Debtor Voegel (marshalling) sufficient funds would be available from the Debtor to commence operation of its business once again and enabling it to keep current with the Bank and to propose a plan for dealing with its unsecured creditors.

There is of course great disparity between the advanced appraised values of the real and personal property submitted to the Court. The Bank claims it is greatly undersecured. Voegel claims the Bank interest in the real and personal property is more than adequately secured. This latter question was put in issue by the complaint filed May 12, 1980 and disposed of by parties Stipulation and Agreement of July 11, 1980.

The long and the short of Voegel's position is that it failed to live up to the provisions agreed to by it and the Bank (which were clearly not onerous) in the Stipulation and Agreement of July 11, 1980 and now wishes the Court to give it another chance to accomplish with the Bank what once it had agreed to do on its own with the Bank but failed to accomplish. The Bank immediately upon the commencement of Chapter XI proceedings put Voegel and all interested parties on notice by its complaint to lift the stay that it was going to proceed directly and promptly to effectuate its remedies to enforce its security interest in the assets of Debtor Voegel. Rather than litigate the issue, the parties by Stipulation agreed as to what adequate protection for the Bank would require. The Court approved the settlement upon the express agreement and inducement of the parties that in event of default without further litigation the Bank would be entitled to the relief it requested in its complaint filed May 12, 1980. The Debtor Voegel urges the Court to use its equity powers to disregard the agreed settlement and open a new avenue of approach to the Debtor. This Court has been shown no cause why it should abort its Order of September 8, 1980. The order requested by Voegel if granted would clearly contradict the Stipulation and Agreement of July 11, 1980 between the Bank and Voegel and the Court's Order of September 8, 1980. The import of the Stipulation was that if Voegel did not perform according to its terms and conditions it would not stand in the way of the relief sought by the Bank. This Court relied on the Agreement and good faith of the parties in entering its Order of September 8, 1980.

ACCORDINGLY, the motion of Voegel for an Order of this Court retaining jurisdiction over Debtor's property and marshalling assets be and the same is hereby in all things denied.

IT IS FURTHER ORDERED that Voegel's motion for an order filed August 28, 1980 be and the same is in all things denied and the monies received from the sale of the motor vehicles be retained in the special bank account pending further order of this Court.

The question of attorneys has been injected collaterally into these proceedings. Issue of attorneys fees are a question of reasonableness. To the extent necessary, this Court has the jurisdiction to review the reasonableness of attorneys fees and charges in any bankruptcy proceeding under the Bankruptcy Code. If the issue of attorneys fees is properly brought before the Court, a hearing upon notice will be conducted.